UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| ANTHONY CARVER MCCLARN, | CHAPTER 13 |
| DEBTOR | CASE NO. 14-75160-SMS |
| --- | --- |
| ANTHONY CARVER MCCLARN, | ADVERSARY CASE NO. _____ |
| PLAINTIFF, | |
| VS. | |
| CITIZENS TRUST BANK, LOANCARE, LLC, | |
| DEFENDANTS. | |

## **COMPLAINT**

COMES NOW the above Plaintiff, Anthony Carver McClarn, by and through counsel, and files this Complaint against Citizens Trust Bank and LoanCare LLC (herein "Defendants"). As grounds therefore, Plaintiff shows as follows:

1.

The Court has jurisdiction to consider this Complaint pursuant to 28 U.S.C. Section 1334, 28 U.S.C. Section 151 and 28 U.S.C. Section 157.

2.

The venue of this proceeding is proper before this Court pursuant to 28 U.S.C. Section 1408 and 1409.

3.

The matter is a core proceeding within the contemplation of 28 U.S.C. Section 157.

4.

On May 31, 2007, Anthony Carver McClarn ("Plaintiff") executed a promissory note and mortgage in the amount of $178,450.00 at a fixed interest rate of 6.500% in favor of Citizens Trust Bank, a Georgia Corporation (the "Note and Mortgage" or individually the "Note" and "Mortgage").

5.

Based upon information and believe, the Note is currently held by Citizens Trust Bank ("Citizens") and serviced by LoanCare, LLC ("LoanCare").

6.

Citizens Trust Bank is a Georgia bank with headquarters located at 965 Martin Luther King Jr. Drive, Nw, Atlanta, GA 30314 and a principal office located at 230 Peachtree Street NW, Suite 2700, Atlanta, GA 30303-1561.

7.

LoanCare, LLC is a foreign limited liability company with a principal office located at 3637 Sentara Way, Virginia Beach, VA 23452 and doing business in the Northern District of Georgia.

## BACKGROUND

8.

On December 30, 2014, Plaintiff filed a petition for relief under Chapter 13 of Title 11, United States Code, 11 U.S.C. Sections 101 et. seq. (as amend, modified or supplanted, the "Bankruptcy Code").

9.

Plaintiff was not eligible for a discharge in this case; however, Plaintiff completed payments under his chapter 13 plan and his case was closed January 17, 2019.

10.

The case was reopened on February 28, 2019 (Case No. 14-75160-SMS, Doc. No. 72) for the purpose of filing a Notice of Final Cure Mortgage Payment re: Rule 3002.1 which was filed March 1, 2019 (Case No. 14-75160-SMS, Doc. No. 73).

11.

On March 22, 2019, Citizens filed its Response to Notice of Final Cure Payment alleging that the post-petition delinquency was $6,779.50.

12.

On April 23, 2019, Plaintiff filed a Motion for Determination of Final Cure and Mortgage Payment re: Rule 3002.1 (Motion to Deem Mortgage Current) (the "Motion") (Case No. 14-75160-SMS, Doc. No. 76) asking the Court to determine that he made all mortgage payments as required by the chapter 13 plan.

13.

Plaintiff's Motion and Citizens Trust Bank's response thereto (Case No. 14-75160-SMS, Doc. No. 78) came before the Court for hearing on August 27, 2019. At the hearing on the Motion, a consent agreement was announced.

14.

On January 30, 2020, the Court entered a Consent Order on Motion to Deem Mortgage Current (Case No. 14-75160-SMS, Doc. No. 85)(the "Order").

15.

The Order required Plaintiff to tender to Citizens Trust Bank certified funds of $15,794.24 within ten (10) days of entry of the Order, which would bring Plaintiff current through January 1, 2020. The Order required Citizens Trust Bank, among other things, to allow online access to his mortgage account within seven (7) calendar days of entry of the Order.

16.

On February 6, 2020, Plaintiff delivered to his bankruptcy counsel, Jeff Field & Associates, certified funds of $15,794.24 with instruction to release the funds once his online access was enabled.

17.

During the seven (7) day period following entry of the Order, Plaintiff continually attempted to access his online account. Initially no access was enabled. When Jeff Field & Associates brought the issue to the attention of Citizens and LoanCare, Defendants admitted that after they manually enabled online an access a glitch caused online access to again be disabled due to his delinquent status. After the glitch was remedied, Plaintiff was able to obtain online access for a short period of time but only able to see records going back to 2004. Shortly thereafter, Plaintiff lost online access completely.

18.

Even though online access was removed and in order to show good faith on his part to resolve the issue, Plaintiff allowed Jeff Field & Associates to release to Citizens Trust Bank the certified funds of $15,794.24. The funds were priority mailed February 20, 2020 and delivered February 24, 2020.

19.

Throughout February 2020, Plaintiff attempted multiple times to make his February mortgage payment. Every time he contacted Citizens or its servicer LoanCare either via phone or branch location, he was explicitly told that they could not accept payment because (a) his account is in bankruptcy and/or (b) his account is in foreclosure status.

20.

Citizens provided Plaintiff with a monthly mortgage statement dated March 16, 2020 (his April mortgage statement) that reflects two payments on March 4, 2020, one for $5,435.60 and one for $10,358.64 and one payment on March 6, 2020 in the amount of $1,125.20.  See attached March 16, 2020 statement as Exhibit A.

21.

The April mortgage statement states that the payment for April 1, 2020 is $1,446.42 and the total payment due to bring the loan current Is $8,663.04 after an unapplied balance of $233.70 is applied.

22.

Per the Court's Order (Case No. 14-75160-SMS, Doc. No. 85), the amount due to bring the loan current through April should not have exceeded $4,339.26 ($1,446.42 for February, March and April) and with the $1,125.20 payment on March 6, 2020 should have been $3,214.06.

23.

Defendants refuse to accept Plaintiff's monthly mortgage payments unless he pays the entire wrongful amount.

24.

Defendants are attempting to collect from Plaintiff Fees, Charges or Expenses not disclose in the course of the Plaintiff's Chapter 13 bankruptcy as required by F.R.Bankr.P. 3002.1 and this Court's Order.

25.

Defendants have willfully failed to credit payments received under the Plaintiff's confirmed Chapter 13 plan as required by 11 U.S.C. § 524(i).

26.

Since the completion of Plaintiff's Chapter 13 bankruptcy, Defendants have failed to properly account for and apply the mortgage loan payments made by the Plaintiff on the Note.

27.

Since the completion of Plaintiff's Chapter 13 bankruptcy, Defendants have failed to update their records to reflect Plaintiff's bankruptcy status by incorrectly stating that he was "in bankruptcy" while simultaneously claiming he was "in foreclosure status".

28.

Defendants have failed to allow online access for Plaintiff in contravention of this Court's Order.

29.

Defendants failure to credit payments, amongst these other failures, have caused material injury to the Plaintiff.

**PLAINTIFF'S FIRST CLAIM FOR RELIEF: VIOLATION OF 11 U.S.C. §§ 105 AND 524**

30.

The previously stated allegations are incorporated herein.

31.

11 U.S.C. § 524(i) provides that "The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor."

32.

Defendants failed to properly credit payments pursuant to the confirmed plan but also in contravention of this Court's Order.

33.

Defendants failed to allow timely access to Plaintiff's online account in contravention of this Court's Order.

34.

The Plaintiff has incurred damages including the attorney's fees of this action.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF: VIOLATION OF GENERAL SERVICING POLICIES, PROCEDURES AND REQUIREMENT PURSUANT TO 12 CFR 1024.38**

35.

The previously stated allegations are incorporated herein.

36.

Defendants are parties to which 12 CFR 1024.38 apply, and the requirement of 12 CFR 1024.38 apply to the Mortgage at issue in this Complaint.

37.

12 CFR 1024.38 required Defendants to maintain policies, procedures and requirements to achieve certain objectives, among which are (a) providing timely and accurate information and (b) investigating and correcting errors and (c) facilitating oversight of, and compliance by service providers.

38.

Defendants actions during and following the Chapter 13 (e.g. failing to provide accurate mortgage statements, failing to update Plaintiff's bankruptcy/foreclosure status, failure to update their records to comply with this Court's Orders, failing to provide online access, failing to apply payments correctly) demonstrate an appalling mishandling of Plaintiff's account and failure to maintain these policies, procedures and requirements.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF: VIOLATION OF PAYMENT PROCESSING REQUIREMENTS OF 12 CFR § 1026.36(c)(1)

39.

The previously stated allegations are incorporated herein.

40.

Defendants violate 12 CFR § 1026.36(c)(1) when they fail to timely and accurately credit payments on a consumer mortgage loan.

41.

Defendants are entities to which 12 CFR § 1026.36(c)(1) applies, and 12 CFR § 1026.36(c)(1) is applicable to Plaintiff's Mortgage.

42.

In addition to failing to properly apply payment during the Chapter 13, Defendants have failed to accept and credit payments following the closing of Plaintiff's Chapter 13.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF: INACCURATE AND MISLEADING PERIODIC STATEMENTS IN VIOLATION OF 12 CFR § 1026.41(c)

43.

The previously stated allegations are incorporated herein.

43.

Defendants violated 12 CFR § 1026.41 when they failed to provide accurate monthly statements during and after the bankruptcy.

44.

Defendants failed to update the April mortgage statement to accurate reflect the accurate amount due by Plaintiff even though Defendants had forty-six (46) days between entry of this Court's January 30, 2020 Order and the April mortgage statement dated March 16, 2020.

### PLAINTIFF'S FIFTH CLAIM FOR RELIEF: VIOLATION OF THE AUTOMATIC STAY

45.

The previously stated allegations are incorporated herein.

46.

The Plaintiff's wages earned during the course of the Chapter 13 bankruptcy were property of the bankruptcy estate.

47.

Defendants misapplied payments made from the property of the bankruptcy estate.

48.

Defendants' misapplication of payments made from the property of the bankruptcy estate was an act to obtain possession of or exercise control over property of the bankruptcy estate.

49.

Defendants' conduct constitutes a violation of the automatic stay under 11 U.S.C. Section 362.

**PLAINTIFF'S SIXTH CLAIM FOR RELIEF: CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH THE CONFIRMATION ORDER AND SUBSEQUENT ORDERS**

50.

The previously stated allegations are incorporated herein.

51.

The Order Confirming Chapter 13 Plan dated March 24, 2015 confirmed the plan filed December 30, 2014 (Doc. No. 6).

52.

Pursuant to 11 U.S.C. Section 1327, the provisions of a confirmed plan bind the Debtor and each creditor.

53.

The Court entered an Order on January 30, 2020 (Doc. No. 85) establishing the post-petition arrearage in Plaintiff's case.

54.

Defendants violate the terms of the confirmed Chapter 13 plan and the Court's Order of January 30, 2020 when it seeks to change the post-petition arrearage.

**PLAINTIFF'S SEVENTH CLAIM FOR RELIEF: DEMAND FOR ACCOUNTING**

55.

The previously stated allegations are incorporated herein.

56.

Defendants have failed to properly account for and apply the payments on the Note made by the Plaintiff.

57.

This Court should require the Defendants to provide a true and accurate account of the Note and where necessary this Court should order the Defendants to correct its account on the Note.

WHEREFORE, the Plaintiff prays that this Court:

1. Enter a judgment against Defendants for damages in the amount of $100,000.00;

2. Award punitive damages against Defendants for their conduct;

3. Award Plaintiff's reasonable attorney fees and costs;

4. Require Defendants to update Plaintiff's account to adhere to this Court's January 30, 2020 Order;

5. Require Defendants to permanently enable online access to Plaintiff's Mortgage account;

6. Require Defendants to provide a complete accounting of Plaintiff's Mortgage loan;

7. For such other relief as this Court deems necessary and proper.

Dated: April 27, 2020

        Respectfully submitted,
        JEFF FIELD & ASSOCIATES

        /s/ Christopher J. Sleeper
        _____
        CHRISTOPHER J. SLEEPER
        Attorney for Debtor
        State Bar No. 700884

342 North Clarendon Avenue
Scottdale, GA 30079
404-499-2700
contactus@fieldlawoffice.com

EXHIBIT A

# Citizens Trust Bank

P.O. Box 8068 | Virginia Beach, VA 23450 | 1.800.274.6600

## MONTHLY STATEMENT

| | |
|---|---|
| **Statement Date:** | 03/16/2020 |
| **Total Payment Amount:** | $8,663.04 |
| **Payment Date:** | 04/01/2020 |

ANTHONY C MCCLARN
4038 BOULDER VISTA DR
CONLEY GA 30288-1403

### Contact Us

**Customer Service/Pay-by-Phone**
1.800.274.6600*
*Calls are randomly monitored and recorded to ensure quality service.

**Hours**
Monday - Friday: 8 a.m. to 10 p.m. ET
Saturday: 8 a.m. to 3 p.m. ET

### Account Information

| | |
|---|---|
| Loan Number: | |
| Property Address: | |
| 4038 BOULDER VISTA DR | |
| CONLEY, GA 30288 | |
| Outstanding Principal Balance: | $141,982.41 |
| Interest Rate: | 6.500% |
| Escrow Balance*: | $2,477.77 |
| Maturity Date: | 06/01/2037 |
| Prepayment Penalty: | No |

*Escrow Balance may include Pre-Petition and Post-Petition amounts.

### Past Payment Breakdown

| | Paid Last Month | Paid Year-to-Date |
|---|---|---|
| Principal: | $3,822.12 | $3,822.12 |
| Interest | $8,585.11 | $8,585.11 |
| Escrow (Taxes and Insurance) | $3,153.31 | $3,153.31 |
| Fees & Charges | $0.00 | $0.00 |
| Unapplied Amount | $1,358.90 | $1,358.90 |
| **Total of Payments** | **$16,919.44** | **$15,560.54** |

### Bankruptcy Message

Our records show that you are a debtor in bankruptcy. We are sending this statement for informational and compliance purposes only. It is not an attempt to collect a debt against you.

If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, you should pay the Trustee instead of us. Please contact your attorney or Trustee if you have questions.

If you want to stop receiving statements, send a written request to the Customer Service address listed on the back of this statement.

### Explanation of Payment Amount (Post-Petition)

| | |
|---|---|
| Principal: | $368.68 |
| Interest | $759.25 |
| Escrow (Taxes and Insurance) | $318.49 |
| **Regular Monthly Payment** | **$1,446.42** |

### Post-Petition Outstanding Balances

| | |
|---|---|
| New Fees & Charges (since last statement) | $0.00 |
| Unpaid Fees and Charges | $0.00 |
| Unpaid Amount | $8,896.74 |
| Unapplied Balance† | $(233.70) |
| **Total Payment Amount** | **$8,663.04** |

The Payment Amount does not include any amount that was past due prior to bankruptcy filing.

### Summary of Amounts Past Due Before Bankruptcy Filing (Pre-Petition Arrearage)

| | |
|---|---|
| Paid Last Month | $0.00 |
| Total Paid During Bankruptcy | $34,546.01 |
| Current Balance | $0.00 |

This box shows amounts that were past due when you filed for bankruptcy. It may also include other allowed amounts on your mortgage loan. The Trustee is sending us the payments shown here. These are separate from your regular monthly mortgage payments.

### Transaction Activity (02/19/2020 to 03/16/2020)

| Date | Description | Total | Principal | Interest | Escrow | Suspense/Other | Charges |
|---|---|---|---|---|---|---|---|
| 03/04/2020 | Payment - Thank You | $5,435.60 | $338.16 | $789.77 | $230.97 | $4,076.70 | |
| 03/04/2020 | Payment - Thank You | | $339.99 | $787.94 | $230.97 | $(1,358.90) | |
| 03/04/2020 | Payment - Thank You | | $341.83 | $786.10 | $230.97 | $(1,358.90) | |

### Important Messages

This statement may not show recent payments you sent to the Trustee that the Trustee has not yet forwarded to us. Please contact your attorney or the Trustee if you have questions.

We have not received all mortgage payments due since the bankruptcy was filed.

†Partial Payment: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account, and reflected in the Suspense/Other column of the Transaction Activity. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

---

See reverse side for additional important information.

**Please return this portion with your payment.**

ANTHONY C MCCLARN
4038 BOULDER VISTA DR
CONLEY GA 30288-1403

Loan Number:

| PAYMENT DATE | CURRENT PAYMENT | UNPAID AMOUNT |
|---|---|---|
| 04/01/2020 | $1,446.42 | $8,896.74 |
| **UNPAID FEES AND CHARGES** | **UNAPPLIED BALANCE** | **TOTAL PAYMENT AMOUNT** |
| $0.00 | $(233.70) | $8,663.04 |

Please make checks payable to:

CITIZENS TRUST BANK
PO BOX 8068
VIRGINIA BEACH, VA 23450-4968

| | |
|---|---|
| Additional Principal | $_____ |
| Additional Escrow | $_____ |
| Late Charge | $_____ |
| Other | $_____ |
| Amount Enclosed: | $_____ |



9071623000367413219305092215009277900

# Citizens Trust Bank

P.O. Box 8068 | Virginia Beach, VA 23450 | 1.800.274.6660

## MONTHLY STATEMENT

| | |
|---|---|
| **Statement Date:** | 03/16/2020 |
| **Total Payment Amount:** | $8,663.04 |
| **Payment Date:** | 04/01/2020 |

ANTHONY C MCCLARN
4038 BOULDER VISTA DR
CONLEY GA 30288-1403

Loan Number: ███████████

### Transaction Activity (02/19/2020 to 03/16/2020) continued

| Date | Description | Total | Principal | Interest | Escrow | Suspense/Other | Charges |
|---|---|---|---|---|---|---|---|
| 03/04/2020 | Payment - Thank You | | $343.68 | $784.25 | $230.97 | $(1,358.90) | |
| 03/04/2020 | Payment - Thank You | $10,358.64 | $345.54 | $782.39 | $318.49 | $8,912.22 | |
| 03/04/2020 | Payment - Thank You | | $347.41 | $780.52 | $318.49 | $(1,446.42) | |
| 03/04/2020 | Payment - Thank You | | $349.30 | $778.63 | $318.49 | $(1,446.42) | |
| 03/04/2020 | Payment - Thank You | | $351.19 | $776.74 | $318.49 | $(1,446.42) | |
| 03/04/2020 | Payment - Thank You | | $353.09 | $774.84 | $318.49 | $(1,446.42) | |
| 03/04/2020 | Payment - Thank You | | $355.00 | $772.93 | $318.49 | $(1,446.42) | |
| 03/04/2020 | Payment - Thank You | | $356.93 | $771.00 | $318.49 | $(1,446.42) | |
| 03/06/2020 | Payment - Thank You | $1,125.20 | | | | $1,125.20 | |

