UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CHAPTER 13 |
| ANTHONY CARVER MCCLARN, | * | |
| | * | |
| | * | CASE NO. 14-75160-SMS |
| | * | |
| Debtor | * | |
| | * | |
| | * | |
| | * | |
| ANTHONY CARVER MCCLARN, | * | |
| | * | |
| Plaintiff, | * | ADVERSARY CASE NO. |
| | * | |
| vs. | * | 20-06070 |
| | * | |
| CITIZENS TRUST BANK, LOAN CARE, LLC | * | |
| | * | |
| Defendants. | * | |

## ANSWER TO COMPLAINT

COMES NOW CITIZENS TRUST BANK ("Bank"), and hereby answers and defends the Complaint ("Complaint"), filed by Debtor, Anthony Carver McClarn ("Plaintiff").

## AFFIRMATIVE DEFENSES

The Bank expressly reserves the right to amend and/or supplement its answer, defenses and all other pleadings.  The Bank raises each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations or other creations, including the common law.  The Bank has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it and therefore reserves the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Bank upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's breach of the underlying agreement between the parties.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his alleged

damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole are in part, due to insufficient process of the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to insufficient service of process.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Bank fail, in whole or in part, because Bank is not the party responsible for the alleged action and/or inaction set forth in the Complaint.

## ANSWER TO ALLEGATIONS CONTAINED IN NUMBERED PARAGRAPHS OF THE COMPLAINT

1.

Upon information and belief, Bank admits the allegations contained in Paragraph 1 of the Complaint.

2.

Upon information and belief, Bank admits the allegations contained in Paragraph 2 of the Complaint.

3.

Upon information and belief, Bank admits the allegations contained in Paragraph 3 of the Complaint.

4.

Bank admits the allegations contained in Paragraph 4 of the Complaint.

5.

Bank admits the allegations contained in Paragraph 5 of the Complaint.

6.

Bank denies Paragraph 6 of the Complaint in part. Bank no longer maintains its headquarters at 965 Martin Luther King Jr. Drive, NW, Atlanta, Georgia 30314 as alleged in the Complaint. Bank admits its principal office is located at 230 Peachtree Street, NW, Suite 2700, Atlanta, Georgia 30303-1561.

7.

With regard to the allegations contained in Paragraph 7 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

**BACKGROUND**

8.

With regard to the allegations contained in Paragraph 8 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

9.

With regard to the allegations contained in Paragraph 9 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

10.

With regard to the allegations contained in Paragraph 10 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

11.

With regard to the allegations contained in Paragraph 11 of the Complaint, Bank admits a Response to Notice of Final Cure Payment was filed on March 22, 2019. However, Bank denies the Response to Notice of Final Cure Payment was filed directly by Bank.

12.

With regard to the allegations contained in Paragraph 12 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

13.

With regard to the allegations contained in Paragraph 13 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

14.

With regard to the allegations contained in Paragraph 14 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

15.

With regard to the allegations contained in Paragraph 15 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

16.

With regard to the allegations contained in Paragraph 16 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

17.

With regard to the allegations contained in Paragraph 17 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

18.

With regard to the allegations contained in Paragraph 18 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

19.

With regard to the allegations contained in Paragraph 19 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

20.

With regard to the allegations contained in Paragraph 20 of the Complaint, Bank denies it directly provided Plaintiff with the referenced mortgage statement.

21.

With regard to the allegations contained in Paragraph 21 of the Complaint, the document

referenced in this Paragraph of the Complaint speaks for itself. To the extent a response is required, the allegations contained in Paragraph 21 of the Complaint stand denied.

22.

With regard to the allegations contained in Paragraph 22 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

23.

Bank denies the allegations contained in Paragraph 23 of the Complaint.

24.

Bank denies the allegations contained in Paragraph 24 of the Complaint.

25.

Bank denies the allegations contained in Paragraph 25 of the Complaint.

26.

Bank denies the allegations contained in Paragraph 26 of the Complaint.

27.

Bank denies the allegations contained in Paragraph 27 of the Complaint.

28.

Bank denies the allegations contained in Paragraph 28 of the Complaint.

29.

Bank denies the allegations contained in Paragraph 29 of the Complaint.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF IN VILOATION OF 11 USC § 105 AND 524

30.

No response to Paragraph 30 of the Complaint is required.

31.

Paragraph 31 of the Complaint states legal conclusions to which no response is required, and to the extent a response is required, such allegations are denied.

32.

Bank denies the allegations contained in Paragraph 32 of the Complaint.

33.

Bank denies the allegations contained in Paragraph 33 of the Complaint.

34.

Bank denies the allegations contained in Paragraph 34 of the Complaint.

**PLAINTIFF SECOND CLAIM FOR RELIEF:
VIOLATION OF GENERAL SERVICING POLICIES,
PROCEDURES AND REQUIREMENTS PURSUANT TO 12 § CFR 1024.38**

35.

No response to Paragraph 35 of the Complaint is required.

36.

Bank denies the allegations contained in Paragraph 36.

37.

Bank denies the allegations contained in Paragraph 37.

38.

Bank denies allegations contained in Paragraph 38.

**PLAINTIFF'S THIRD CLAIM FOR RELIEF: VIOLATION OF PAYMENT
PROCESSING REQUIREMENTS OF 12 CFR § 1026-36(c)(1)**

39.

No response to Paragraph 39 of the Complaint is required.

40.

Bank denies allegations contained in Paragraph 40.

41.

Bank denies allegations contained in Paragraph 41.

42.

Bank denies allegations contained in Paragraph 42.

**PLAINTIFF'S FOURTH CLAIM FOR RELIEF: INACCURATE
AND MISLEADING PERIODIC STATEMENTS
IN VIOLATION OF 12 CFR § 1026.41©)**

43.

No response to Paragraph 43 of the Complaint is required.

43.

Bank denies allegations contained in Paragraph 43.

44.

Bank denies allegations contained in Paragraph 44.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF: VIOLATION OF THE AUTOMATIC STAY

45.

No response to Paragraph 45 of the Complaint is required.

46.

Bank denies allegations contained in Paragraph 46.

47.

Bank denies allegations contained in Paragraph 47.

48.

Bank denies allegations contained in Paragraph 48.

49.

Bank denies allegations contained in Paragraph 49.

## PLAINTIFF'S SIXTH CLAIM FOR RELIEF: CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH THE CONFIRMATION ORDER AND SUBSEQUENT ORDERS

50.

No response to Paragraph 50 of the Complaint is required.

51.

With regard to the allegations contained in Paragraph 51 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

52.

Paragraph 52 of the Complaint states legal conclusions to which no response is required, and to the extent a response is required, such allegations are denied.

53.

With regard to the allegations contained in Paragraph 53 of the Complaint, Bank lacks information or knowledge sufficient to form a belief as to the truth of such allegations, and therefore such allegations stand denied.

54.

Bank denies allegations contained in Paragraph 54.

### PLAINTIFF'S SEVENTH CLAIM FOR RELIEF: DEMAND FOR ACCOUNTING

55.

No response to Paragraph 55 of the Complaint is required.

56.

Bank denies allegations contained in Paragraph 56.

57.

Bank denies allegations contained in Paragraph 57.

58.

To the extent that there exists any other allegations contained in the Complaint, including in the unnumbered *ad damnum* clause immediately following Paragraph 57 of the Complaint, Bank specifically denies all such allegations.

**WHEREFORE**, Plaintiff prays that this Court:

(1)   Enter a judgment in favor of Bank and against Plaintiff on all counts and allegations in the Complaint;

(2)   That Bank recover its attorney's fees and other expenses in litigation from Plaintiff;

(3)   All costs be cast against Plaintiff; and

(4)   Bank have such other and further relief as this court deems just and necessary.

This 28th day of May, 2020.

/s/ A. Christian Wilson, Esq.
A. CHRISTIAN WILSON
Attorney for Defendant, Citizens Trust Bank
State Bar No: 357811

SIMPSON, UCHITEL & WILSON, L.L.P.
One Securities Centre, Suite 1100
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 266-2421
cwilson@suwllp.com

ACW/kep

## **CERTIFICATE OF SERVICE**

  This is to certify that I have this day served the Parties in the foregoing matter with a copy of this ANSWER TO COMPLAINT, via electronic means as listed on the Court's ECF noticing system and by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon as follows:

**Anthony Carver McClarn**
736 Peninsula Overlook
Hampton, Georgia 30228

**Lisa F. Caplan**
RUBIN LUBLIN, LLC
Suite 100
3145 Avalon Ridge Place
Peachtree Corners, Georgia 30071

**Christopher Sleeper**
JEFF FIELD & ASSOCIATES
342 North Clarendon Avenue
Scottdale, Georgia 30079

**LoanCare, LLC**
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, Georgia 30046

  This 28th day of May, 2020.

|  |  |
|---|---|
| SIMPSON, UCHITEL & WILSON, L.L.P.<br>One Securities Centre, Suite 1100<br>3490 Piedmont Road, N.E.<br>Atlanta, Georgia 30305<br>(404) 266-2421<br>cwilson@suwllp.com | /s/ A. Christian Wilson, Esq.<br>A. CHRISTIAN WILSON<br>Attorney for Movant<br>State Bar No: 357811 |

ACW/kep