IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>ANTHONY CARVER MCCLARN,<br><br>     Debtor. | Case No. 14-75160-sms<br>Chapter 13 |
| ANTHONY CARVER MCCLARN,<br><br>     Plaintiff,<br><br>v.<br><br>CITIZENS TRUST BANK and LOANCARE, LLC,<br><br>     Defendants. | Adversary No. 20-06070-sms |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS**

COME NOW, Citizens Trust Bank ("Citizens") and LoanCare, LLC ("LoanCare") (collectively, the "Defendants"), and file this Memorandum of Law in Support of their Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) and Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), respectfully showing this Honorable Court as follows:

**STATEMENT OF FACTS**

This case relates to the Plaintiff's post-petition payment of his mortgage loan and efforts to get the Court to deem the mortgage current despite having fallen severely behind on his monthly payments. The subject security deed is currently held by Citizens and serviced by LoanCare. [Doc. 1], ¶ 5.

1

The Plaintiff's underlying Chapter 13 case was filed on December 30, 2014, and initially closed after completion of his plan on January 17, 2019. [Doc. 1], ¶¶ 8-9.

It appears that the Chapter 13 Trustee inadvertently forgot to file a Notice of Final Cure payment with respect to the mortgage, and the case was reopened upon the Trustee's motion on February 28, 2019. *Id.* at ¶ 10. The Notice of Final Cure Payment was filed on March 1, 2019. [Bk. Doc. 73]. The Notice of Final Cure payment directed that Citizens must, within 21, days, file a response indicating whether it agreed that pre-petition arrears were cured and whether the Debtor is current on post-petition payments. *Id.* Citizens filed a response on March 22, 2019, stating that the Plaintiff had a post-petition delinquency of $6,779.00. [Doc. 1], ¶ 11. The Plaintiff then filed a "Motion to Deem Mortgage Current" on April 23, 2019. *Id.* at ¶ 12. A consent order (the "Consent Order") was eventually entered on this motion, which "required Plaintiff to tender to Citizens Trust Bank certified funds of $15,794.24 within ten (10) days of entry of the Order, which would bring Plaintiff current through January 1, 2020. The Order required Citizens Trust Bank to, among other things, to allow online access to [Plaintiff's] mortgage account within seven (7) days of entry of the Order." *Id.* at ¶ 15. The bankruptcy case was closed on January 30, 2020, after entry of the Consent Order. *See* Bankruptcy Docket entry, 01/30/2020.

The Plaintiff alleges that he delivered the funds required by the Consent Order to his attorney on February 6, 2020 but directed him to withhold the funds from Citizens until his online account access was restored. *Id.* at ¶ 16. The Plaintiff alleges that for the seven days after entry of the Consent Order, he attempted to get online access but was unable to log in. *Id.* at ¶ 17. Allegedly, when his attorney contacted Citizens and LoanCare, they stated there was a glitch that prevented access and that it would be fixed. *Id.* The Plaintiff claims he was then able to obtain

access for a short time, but it was then disabled again. *Id.* Finally on February 20, 2020, the Plaintiff allowed the funds to be sent to Citizens. *Id.* at ¶ 18. This is in direct violation of the terms of the Consent Order, which in no way conditioned payment of the funds on obtaining online access and instead required them to be paid by February 10, 2020. *See* [Bk. Doc. 85].

Following delivery of the payment to Citizens, the Plaintiff alleges he was unable to make his payment due on February 1, 2020 because his account was in a bankruptcy status and/or foreclosure status. *Id.* at ¶ 19. Thereafter, he claims he was sent a mortgage statement dated March 16, 2020, which stated that he must pay $8,663.04 to bring the loan current. *Id.* at ¶ 21. The Plaintiff claims the actual amount should not have been more than $4,439.26 and that "Defendant's refuse to accept Plaintiff's monthly mortgage payments unless he pays the entire wrongful amount." *Id.* at ¶¶ 22-23.

The Plaintiff goes on to allege the following:

> 24.
> Defendants are attempting to collect from Plaintiff Fees, Charges or Expenses not disclosed in the course of the Plaintiff's Chapter 13 bankruptcy as required by F.R.Bankr.P. 3002.1 and this Court's Order.
> 25.
> Defendants have willfully failed to credit payments received under the Plaintiff's confirmed Chapter 13 plan as required by 11 U.S.C. § 524(i).
> 26.
> Since the completion of Plaintiff's Chapter 13 bankruptcy, Defendants have failed to properly account for and apply the mortgage loan payments made by the Plaintiff on the Note.
> 27.
> Since the completion of Plaintiff's Chapter 13 bankruptcy, Defendants have failed to update their records to reflect Plaintiff's bankruptcy status by incorrectly stating that he was "in bankruptcy" while simultaneously claiming he was "in foreclosure status".
> 28.
> Defendants have failed to allow online access for Plaintiff in contravention of this Court's Order.
> 29.
> Defendants failure to credit payments, amongst these other failures, have caused material injury to the Plaintiff.

[Doc. 1], ¶¶ 24-29.

Based on these allegations, the Plaintiff has set forth various claims, none of which can survive because they either fail to state a claim or this Court lacks subject matter jurisdiction over them. Those claims are: (1) violation of 11 U.S.C. §§ 105 and 524; (2) violation of 12 C.F.R. § 1024.38; (3) violation of 12 C.F.R. § 1026.36(c)(1); (4) violation of 12 C.F.R. § 1026.41(c); (5) violation of the automatic stay; (6) contempt for failure to comply with the confirmation order and subsequent orders; and (7) demand for accounting. In order to file this adversary, the Plaintiff moved to have the case reopened on March 6, 2020. [Bk. Doc. 87]. The case was reopened on April 1, 2020, and the order reopening the case provides that the automatic stay is reinstated as to Citizens and LoanCare. [Bk. Doc. 89].

## ARGUMENT AND CITATION OF AUTHORITY

**A.   STANDARD OF REVIEW**

**1.   Fed R. Civ. P. 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) can take two forms – a facial attack and factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). In a factual attack,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

4

*Id.* at 1529 (quoting *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)).

In evaluating an attack on subject matter jurisdiction, "[t]he plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence." *Kennedy v. Miss. Dept. of Revenue (In re Kennedy)*, 529 B.R. 345, 349 (Bankr. N.D. Ga. 2015) (quoting *Maxwell v. HSBC Mortg. Corp. (In re Maxwell)*, No. 12-5284, 2012 WL 3678609, at *1 (Bankr. N.D. Ga. Aug. 22, 2012)).

### 2. Fed R. Civ. P. 12(c)

"A motion for judgment on the pleadings 'is governed by the same standards as a motion to dismiss for failure to state a claim." *Wells Fargo Bank, N.A. v. Sutton (In re Sutton)*, 557 B.R. 831, 834 (Bankr. N.D. Ga. 2016) (quoting *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Rule 8 marks a notable and generous departure from the hyper-technical code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

**B.     THERE IS NO PRIVATE CAUSE OF ACTION UNDER SECTION 524**

In the first claim, the Plaintiff alleges that the Defendants violated 11 U.S.C. § 524(i) by "fail[ing] to properly credit payments pursuant to the confirmed plan but also in contravention of this Court's Order" and by not allowing online account access. [Doc. 1], ¶¶ 31-33. Section 524(i) provides as follows:

> **(i)** The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor.

However, there is no private cause of action available to a debtor under Section 524. *Giles v. James B. Nutter & Co. (In re Giles)*, 502 B.R. 892, 905 (Bankr. N.D. Ga. 2013). Rather, such claims can only be brought as a contempt motion in the main case. *Petruso v. Ford Motor Co.*, 233 F.3d 417, 422 (6th Cir. 2000); *see also In re McLean*, 794 F.3d 1313, 1326 (11th Cir. 2015). But relief under any provision of Section 524 requires first that the debtor receive a discharge. *In re Myles*, 395 B.R. 599, 605 (Bankr. M.D. La. 2008) (citing *In re Nosek*, 544 F.3d 34, 48 n.14 (1st Cir. 2008); *In re Collins*, 2007 WL 2116416, at *4 (Bankr. E.D. Tenn. 2007)). The Plaintiff was ineligible for a discharge in the underlying bankruptcy case. *See* [Bk. Doc. 69].

In any event, the Plaintiff has only alleged facts related to issues with the Consent Order, and not application of payments under a confirmed plan. Section 524(i), by its plain language, applies only to misapplication of payments under a confirmed plan and does not apply to a consent order entered long after the plan was confirmed. Moreover, the Plaintiff's confirmed plan, [Bk. Doc. 21], provided that he would make post-petition payments directly to LoanCare. This means that the payments were made outside of the plan and therefore section 524(i) does

not apply. *See In re Dukes*, 909 F.3d 1306, 1313-14 (11th Cir. 2018) (payments made directly by the debtor are not "provided for" by the plan). The Plaintiff has clearly failed to state a claim under Section 524, and the first cause of action must be dismissed.

### C.  THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE PLAINTIFF'S RESPA AND TILA CLAIMS AND HAS OTHERWISE FAILED TO STATE A CLAIM

In the second, third, and fourth claims in the Complaint, the Plaintiff brings various claims under federal regulations promulgated under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.* and Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*. This Court lacks subject matter jurisdiction to entertain any such claims, even if they were otherwise viable (which they are not).

1. Lack of Subject Matter Jurisdiction

> The bankruptcy court's jurisdiction is limited to "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a); 28 U.S.C. § 1334(b). In the Northern District of Georgia, the District Court has referred all proceedings within its bankruptcy jurisdiction to the bankruptcy court. 28 U.S.C. § 157(a); Local Rule 83.7, N.D. Ga.

*Kennedy v. Miss. Dept. of Revenue (In re Kennedy)*, 529 B.R. 345, 349 (Bankr. N.D. Ga. 2015).

> The first category of cases, 'arising under' proceedings, are matters invoking a substantive right created by the Bankruptcy Code [cit.] . . . . The second category, 'arising in a case under title 11', is thought to involve administrative-type matters or matters that could arise only in bankruptcy, such as filing a proof of claim or an objection to the discharge of a particular debt. [cit.] . . . . Matters relate to a cause under title 11 'where resolution of the same could have a material effect on the administration of the case of claims against the bankruptcy estate, but such a claim could exist outside of bankruptcy.' [cit.].

*Maxwell v. HSBC Mortg. Corp. (In re Maxwell)*, No. 12-5284, 2012 WL 3678609, at *2 (Bankr. N.D. Ga. 2012).

Here, a RESPA or TILA claim clearly does not arise under the bankruptcy code. It also does not arise under title 11 because RESPA and TILA claims are not an administrative type

7

matter that could arise only in bankruptcy. That leaves only "related to" jurisdiction available. This jurisdiction exists only if "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Id.* (quoting *Pacor v. Higgins*, 743 F.2d 984 (3d Cir. 1984)). Here, the plan is complete and the bankruptcy case was reopened solely to file this adversary. There is no bankruptcy estate that could benefit, and any judgment would benefit only the Plaintiff directly. In such situations, courts agree that there is no "related to" jurisdiction. *See Otero v. Green Tree Servicing, LLC*, No. 12-1309-T, 2013 WL 4017142, at *2 (Bankr. D.N.M. Aug. 6, 2013) (citations omitted). Because there is no subject matter jurisdiction here, the second, third, and fourth claims must be dismissed.

2. Failure to State a Claim

   a. *Claim Under 12 C.F.R. § 1024.38*

In the second cause of action, the Plaintiff attempts to state a claim under 12 C.F.R. § 1024.38. [Doc. 1], ¶¶ 35-38. This regulation, promulgated under RESPA, requires that "[a] servicer shall maintain policies and procedures that are reasonably designed to achieve the objectives set forth in paragraph (b) of this section." 12 C.F.R. § 1024.38(a). A "servicer" is defined as "a person responsible for servicing a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan)." 12 C.F.R. § 1024.2. The term "servicing"

> means receiving any scheduled periodic payments from a borrower pursuant to the terms of any federally related mortgage loan, including amounts for escrow accounts under section 10 of RESPA (12 U.S.C. 2609), and making the payments to the owner of the loan or other third parties of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the mortgage servicing loan documents or servicing contract. In the case of a home equity conversion mortgage or reverse mortgage as referenced in this section, servicing includes making payments to the borrower.

*Id.*

Here, the claim fails for the overarching reason that there is no private cause of action under 12 C.F.R. § 1024.38. *Roberson v. Cent. Loan Admin. & Reporting, FSB*, No. 1:17-CV-0600-RWS-JFK, 2017 WL 11152128, at *6 (N.D. Ga. May 31, 2017) (collecting cases), *report and recommendation adopted,* No. 1:17-CV-600-RWS, 2017 WL 11152130 (N.D. Ga. June 27, 2017). And even if there was, Citizens could never be liable under this regulation because it applies only to "servicers." Despite the Plaintiff's bare allegation that "Defendants are parties to which 12 C.F.R. 1024.38 apply," [Doc. 1] at ¶ 36, he plainly states earlier in his Complaint that only LoanCare is the servicer. *Id.* at ¶ 5. However, the Court need not even reach this issue because there is no private cause of action available against anybody. The claim must be dismissed.

    b.  *Claim Under 12 C.F.R. § 1024.38*

In the third cause of action, the Plaintiff alleges a violation of 12 C.F.R. § 1024.38(c)(1). [Doc. 1], ¶¶ 39-42. This regulation was promulgated under Regulation Z of TILA, and violations of such regulations can give right to a private cause of action under 15 U.S.C. § 1640. *See Webb v. Liberty Mortg.*, No. 1:12-CV-1677-CAP-ECS, 2012 WL 13014588, at *4 (N.D. Ga. Dec. 20, 2012), *report and recommendation adopted*, No. 1:12-CV-1677-CAP, 2013 WL 12248092 (N.D. Ga. Mar. 11, 2013). The specific regulation at issue, 12 C.F.R. § 1024.38(c)(1), states as follows:

> **(i)** *Periodic payments.* No servicer shall fail to credit a periodic payment to the consumer's loan account as of the date of receipt, except when a delay in crediting does not result in any charge to the consumer or in the reporting of negative information to a consumer reporting agency, or except as provided in paragraph (c)(1)(iii) of this section. A periodic payment, as used in this paragraph (c), is an amount sufficient to cover principal, interest, and escrow (if applicable) for a given billing cycle. A payment qualifies as a periodic payment even if it does not include amounts required to cover late fees, other fees, or non-escrow payments a servicer has advanced on a consumer's behalf.

"[T]he terms 'servicer' and 'servicing' have the same meanings as provided in 12 C.F.R. 1024.2(b)." 12 C.F.R. § 1024.38(c). When a plaintiff can prove a violation of TILA, they are

9

entitled to "any actual damage sustained by such person as a result of the failure." 12 U.S.C. § 1640(a)(1).

Here, the claim fails as to Citizens because it is not the loan servicer. Moreover, the claim fails in its entirety because the Plaintiff has failed to plead any facts showing how he suffered any "actual damage . . . as a result of the" alleged TILA violation. *See Borowiec v. Deutsche Bank Nat. Tr. Co.*, No. CV 11-00094 DAE-KSC, 2011 WL 2940489, at *3 (D. Haw. July 19, 2011); *Beall v. Quality Loan Serv. Corp.*, No. 10-CV-1900-IEG WVG, 2011 WL 1044148, at *6 (S.D. Cal. Mar. 21, 2011). The only allegation of any damage in the Complaint is that the "Defendants failure to credit payments, amongst these other failures, have caused material injury to the Plaintiff." [Doc. 1], ¶ 29. This is simply a conclusion devoid of any facts and thus cannot be treated as true on a motion to dismiss. The Plaintiff has failed to state a claim under TILA.

  c. *Claim Under 12 C.F.R. § 1026.41(c)*

In the fourth case of action, the Plaintiff sets forth another claim under TILA, this time under 12 C.F.R. § 1026.41. Specifically, the Plaintiff claims that "Defendants violated 12 C.F.R. § 1026.41 when they failed to provide accurate monthly statements during and after the bankruptcy." [Doc. 1], ¶ 43. This regulation requires servicers to provide "a period statement meeting the requirements of paragraphs (b), (c), and (d) of this section." 12 C.F.R. § 1026.41(a)(2). "Paragraph (d) requires periodic statements to include, as applicable, the amount due, an explanation of the amount due, a past payment breakdown, a list of transaction activity since the last statement, partial payment information, contact information, account information, and delinquency information." *Whitacre v. Nations Lending Corp.*, No. 5:19CV809, 2019 WL 3477262, at *5 (N.D. Ohio July 31, 2019).

Here, the claim immediately fails as to Citizens because, again, it is not the servicer. Moreover, the claim fails in its entirety regardless of the defendant because "12 C.F.R. § 1026.41(d) requires the *inclusion* of this information in each periodic statement. Nothing in the regulatory language provides that 12 C.F.R. § 1026.41(d) requires the *accuracy* of this information." *Whitacre*, 2019 WL 3477262, at *5 (emphasis in original). Since accuracy is the only issue raised by the Plaintiff, his claim fails as a matter of law. But even if accuracy was regulated, the Plaintiff has again failed to plead any damages. *See* Section C.2.b, *supra*. Count four must be dismissed.

### D.    THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A VIOLATION OF THE AUTOMATIC STAY

In the fifth claim, the Plaintiff alleges that the Defendants violated the automatic stay by misapplying payments from the bankruptcy estate. [Doc. 1], ¶¶ 45-49. 11 U.S.C. § 362(a) proscribes eight separate actions that are prohibited when the automatic stay is in effect, and if the stay is violated, subsection (k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

Here, the Plaintiff's claim immediately fails because he has not alleged any facts showing that either Defendant misapplied payments from the estate. The only alleged payment misapplications concern payments made in February 2020 and applied in March 2020. *See* [Doc. 1], ¶¶ 18, 20. The bankruptcy case was closed during that time and therefore no automatic stay was in effect. In fact, the automatic stay was dissolved upon the initial closing of the bankruptcy case on January 17, 2019, and not reimposed until the order reopening the case on April 1, 2020. *See* 11 U.S.C. 362(c)(2); [Bk. Docs. 69, 72, 89]. As such, there could not have been a stay violation. Moreover, it is not a violation of the automatic stay to misapply payments. *Rodriguez v.*

11

*Countrywide Home Loans, Inc.*, 421 B.R. 356, 367-68 (Bankr. S.D. Tex. 2009). When a debtor makes a voluntary payment – even pursuant to a plan or order – the payment becomes property of the payee and not the estate. *Id.* Thus, if misapplied, it was a misapplication of the creditor's own property, not the estate's property. *Id.* Since that is the theory on which the Plaintiff rests his claims, he cannot prevail and the claim must be dismissed. Lastly, even if the claim could otherwise be viable, the Plaintiff has failed to allege that he suffered any damages whatsoever as a result of any alleged stay violation. The claim fails in all respects and must be dismissed.

E.  **THERE IS NO PRIVATE CAUSE OF ACTION FOR CONTEMPT**

In the sixth claim in the Complaint, the Plaintiff seeks to hold the Defendants in contempt for violating the terms of the confirmed Chapter 13 plan and the Consent Order. [Doc. 1], ¶¶ 50-54. This claim cannot proceed because "generally speaking, civil contempt sanctions . . . must be sought by contested matter rather than an adversary proceeding." *In re McLean*, 794 F.3d at 1326 (quoting *Chionis v. Starkus (In re Chionis)*, No. CC-12-1501, 2013 WL 6840485, at *4 (B.A.P. 9th Cir. Dec. 27, 2013) (citation omitted); *see also* Fed. R. Bankr. P. 9020 ("Rule 9014 governs a motion for an order of contempt . . . .). This is especially important because contempt requires a finding by clear and convincing evidence, while an adversary requires only a preponderance of the evidence. *Id.* Thus, the Plaintiff cannot bring the claim for contempt in this adversary and it must be dismissed.

F.  **THE PLAINTIFF IS NOT ENTITLED TO AN ACCOUNTING**

In the final claim in the Complaint, the Plaintiff seeks an accounting in order to require "Defendants to provide a true and accurate account of the Note and where necessary this Court should order the Defendants to correct its account on the Note." [Doc. 1], ¶ 57. Accounting is a claim provided by Georgia law. *See* O.C.G.A. § 23-2-70. Initially, this Court should dismiss the

12

claim because it lacks subject matter jurisdiction. It does not arise under the bankruptcy code, does not arise in a bankruptcy case as this is a purely state law remedy, and is not related to the bankruptcy case because there is no estate left to administer. The only person who could benefit from an accounting is the Plaintiff, not any other creditors. Thus, this claim should be dismissed for lack of subject matter jurisdiction.

Even if this Court did have jurisdiction, an accounting cannot be ordered when the Plaintiff would not recover on any underlying claims. *Camden Reserve, LLC v. Flagstar Bank, FSB*, No. 1:09-CV-3078-TCB, 2011 WL 13176330, at *4 (N.D. Ga. Apr. 26, 2011) (citing *Sampson v. Haywire Ventures, Inc.*, 668 S.E.2d 286, 288-89 (Ga. Ct. App. 2008)). Since all of the other claims fail, it follows that this Court cannot order an accounting. Additionally, even if the Plaintiff could prevail on an underlying claim, "[a]n accounting under O.C.G.A. § 23-2-70 is not warranted if the accounts are not unusually complicated and an adequate remedy is available at law." *Vernon v. Assurance Forensic Accounting, LLC*, 333 Ga. App. 377, 393, 774 S.E.2d 197, 212 (2015) (quoting *Faircloth v. A.L. Williams & Assoc.,* 219 Ga.App. 560(1), 465 S.E.2d 722 (1995)). The Plaintiff here does not allege that there is anything complicated about his account or that he does not have an adequate remedy at law. The claim must be dismissed.

## **CONCLUSION**

Based on the foregoing, the Defendants respectfully request that this Court grant their Motion for Judgment on the Pleadings and Motion to Dismiss.

Respectfully submitted, this 31st day of August 2020.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3140 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rlselaw.com

*Attorney for Citizens Trust Bank and LoanCare, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August 2020, I caused a copy of the within and foregoing to be filed by CM/ECF, which will serve notice on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)