**IT IS ORDERED as set forth below:**

Date: December 3, 2020

_____

Sage M. Sigler
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | **CASE NUMBER:** |
| ANTHONY CARVER MCCLARN, | : | **14-75160-SMS** |
| Debtor. | : | CHAPTER 13 |
| ANTHONY CARVER MCCLARN, | : | |
| Plaintiff, | : | |
| v. | : | |
| CITIZENS TRUST BANK and LOANCARE, LLC, | : | **Adversary No. 20-06070-sms** |
| Defendants. | : | |

### ORDER SUSTAINING OBJECTION TO CLAIM

This case is before the Court on the *Motion for Judgment on the Pleadings and Motion to Dismiss Complaint* (the "Motion," Doc. 13), filed by Citizens Trust Bank and LoanCare, LLC ("Defendants") on August 31, 2020. No response to the Motion was filed and it is therefore deemed

unopposed pursuant to Bankruptcy Local Rule 7007-1(c). A hearing was held on the Motions on December 2, 2020. In attendance were counsel for Plaintiff and counsel for Defendants. For the reasons set forth on the record at the hearing, Defendants' Motion is granted in part and denied in part.

The Motion is granted as to count 1, violation of 11 U.S.C. §§ 105 and 524, count 5, violation of the automatic stay, and count 7, demand for an accounting and such claims are dismissed for failure to state a claim. The Court declines to exercise jurisdiction over count 2, violation of 12 CFR § 1024.38, count 3, violation of 12 CFR § 1026.36(c)(1), and count 4, violation of 12 CFR § 1026.41, as they are not related to a pending bankruptcy proceeding and such counts are therefore dismissed. The Motion is denied as to count 6, contempt, which the Court will allow to proceed in the instant adversary proceeding while applying the appropriate burden of proof.[1] Accordingly, it is

**ORDERED** that the Motion is **GRANTED** as to claims 1, 2, 3, 4, 5, and 7 and such counts are **DISMISSED**; and it is

**FURTHER ORDERED** that the Motion is **DENIED** as to count 6.

The Clerk is directed to serve a copy of this Order upon Plaintiff, counsel for Plaintiff, Defendants, counsel for Defendants, and the chapter 13 trustee.

**[END OF DOCUMENT]**

---

[1] *See, e.g., Woody v. Cooper*, 2020 WL 5551993 (Bankr. N.D. Ga. Sept. 16 2020) (citing cases) (a clear and convincing evidence standard is applicable to contempt claims).