IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>ANTHONY CARVER MCCLARN,<br><br>    Debtor. | Case No. 14-75160-sms<br>Chapter 13 |
| ANTHONY CARVER MCCLARN,<br><br>    Plaintiff,<br><br>v.<br><br>CITIZENS TRUST BANK and LOANCARE, LLC,<br><br>    Defendants. | Adversary No. 20-06070-sms |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO CITIZENS TRUST BANK AND LOANCARE, LLC'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**

COMES NOW Plaintiff, by and through the undersigned counsel of record, and hereby responds to Defendants' Interrogatories and Requests for Production as follows:

Plaintiff objects to each stated request to the extent that said requests seek to invade the attorney/client privilege, seek information protected by the attorney work product privilege, or to the extent the requests are overly broad, unduly burdensome or otherwise exceed the permissible scope of discovery under the Federal Rules of Civil Procedure. Plaintiff further objects to the definitions and instructions set forth by the Defendant to the extent that said definitions and instructions seek to impose obligations or requirements beyond those contemplated by the Federal Rules of Civil Procedure. Subject to said objections and without waiving same, Plaintiff responds to each enumerated request as follows:

1

## INTERROGATORIES

1. Please identify each person who assisted you in any way with the preparation of your responses to these First Interrogatories, First Request for Admissions, and First Request for Production of Documents.

**RESPONSE: Plaintiff, Plaintiff's Counsel, Christopher Sleeper and R. Jefferey Field, prepared responses to First Interrogatories, First Request for Admissions, and First Request for Production of Documents.**

2. Please identify each person whom you claim or believe has knowledge or information concerning the remaining claim in the Complaint for contempt. In doing so, please provide the name, phone number, address, and substance of the information known by such person, and whether the person has provided a written statement.

**RESPONSE: Plaintiff objects to this request to the extent that it is premature and overly broad as the specifics of this claim are currently under investigation and discovery is ongoing. Subject to this objection and without waiving the same, Plaintiff responds as follows:**

**Plaintiff, and his counsel, Christopher Sleeper and R. Jefferey Field, as well as agents of Citizens Trust Bank, and LoanCare, LLC are the only people who have knowledge or information regarding this claim. Plaintiff reserves the right to supplement and/or amend this response as discovery is ongoing.**

3. Please identify each person whom you may or will call as a witness at any trial or hearing in this matter. In doing so, please provide the name and address of the witness, the subject matter the witness is expected to testify, and whether any such person has given a written statement or account.

**RESPONSE:** **Plaintiff objects to this request to the extent that it is premature and overly broad as the specifics of this claim are currently under investigation and discovery is ongoing. Subject to this objection and without waiving the same, Plaintiff expects to call the following witnesses:**

- **Anthony Carver McClarn**
- **Agents, corporate witnesses, and/or current and former employees of Citizens Trust Bank, and LoanCare, LLC.**

**Plaintiff reserves the right to supplement and/or amend this response as discovery is ongoing.**

4. Please identify each expert expected to testify at trial or provide any evidence whatsoever in this matter and state the subject matter about which the expert is to testify, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. This interrogatory applies to all expert witnesses of every kind.

**RESPONSE:** **At this time, Plaintiff does not expect to call an expert witness regarding this matter.**

5. Please describe, in detail, the damages that you are claiming in this action.

**RESPONSE:** **Plaintiff seeks to recover all general and special damages allowed under the law, including attorney fees, and also punitive damages against Citizens Trust Bank, and LoanCare, LLC.**

6. Please quantify each category of damages that you identified in response to Interrogatory No. 5.

**RESPONSE:** **Plaintiff objects to this request to the extent that it is premature and overly broad as the specifics of this claim are currently under investigation and discovery is**

3

ongoing. The exact amount cannot be quantified at this time because the discovery is ongoing. Plaintiff reserves the right to supplement and/or amend this response.

7. If any of the damages that you identified in response to Interrogatory No. 5 include emotional/mental distress damages, please provide the name, telephone number, and address of any health professional (including, but not limited to physicians, physician's assistants, nurse practitioners, psychologists, and social workers) that you consulted with in person or electronically regarding the claimed emotional/mental distress and identify (1) the date(s) on which you consulted with the health professional; (2) the reason why you consulted with the health professional; (3) any diagnosis by the health professional; and (4) the course of treatment, if any, proscribed by the health professional.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further object to this request to the extent that it seeks to invade, or purport to compel Plaintiff to disclose information that is private, privileged medical information and HIPAA-protected. Plaintiff reserves the right to supplement and/or amend this response.**

8. If any of the damages that you identified in response to Interrogatory No. 5 include emotional/mental distress damages, please provide the (1) names, (2) dosages, and (3) dates of treatment by any prescription or over the counter drugs.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further object to this request to the extent that it seeks to invade, or purport to compel Plaintiff to disclose information that is private, privileged medical information and HIPAA-protected. Plaintiff reserves the right to supplement and/or amend this response.**

9. If any of the damages that you identified in response to Interrogatory No. 5 include emotional/mental distress damages, please describe the emotional/mental distress in detail,

4

including (1) your symptoms, (2) what you believe the symptom(s) were caused by, and (3) how it has impacted you.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further object to this request to the extent that it seeks to invade, or purport to compel Plaintiff to disclose information that is private, privileged medical information and HIPAA-protected. Plaintiff reserves the right to supplement and/or amend this response.**

10. If any of the damages that you identified in response to Interrogatory No. 5 include attorney's fees, please describe your fee arrangement with your counsel, including (1) the hourly rate, and (2) whether your fee arrangement is memorialized in writing.

**RESPONSE: Plaintiff objects to this request to the extent that said request seeks to invade the attorney/client privilege. Subject to this objection and without waiving the same, Plaintiff has a customary written fee arrangement with Jeff Field & Associates providing for adversary work at the attorney hourly billing rate of $200.00 and paralegal/legal assistance hourly billing rate of $75.00.**

11. Please describe, in detail, how you contend that either Defendant violated the terms of the confirmed Chapter 13 Plan, as alleged in Paragraph 54 of the Complaint.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and ambiguous, that it calls for the information that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. The Court denied Plaintiff's contention referenced in Interrogatory No. 11. Therefore, the information Defendants seek is irrelevant to the matter at hand.**

12. Please describe any and all communications that you had with Citizens or LoanCare between the time that the Consent Order was entered and the date that this adversary proceeding

was filed and include (1) the date of the communication; (2) the method of the communication; and (3) the substance of the communication.

**RESPONE: Plaintiff objects to this request to the extent that said request seeks to invade the attorney/client privilege. Plaintiff further objects as some or all of the information requested in this interrogatory is equally or more available to Defendants. Without waiving the said objections, Plaintiff states that his counsel has had numerous email exchanges and verbal communications with attorneys with Rubin Lubin, LLC which are equally in Defendants' possession but can be re-provided if Defendants need.  Plaintiff is also in the process of reviewing and compiling an additional log and documents of communications that may be responsive to this request. Plaintiff reserves the right to supplement and/or amend this response.**

13. Please describe, in detail, how you contend that either Defendant violated the terms of the Consent Order.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks to invade, or purport to compel Plaintiff to disclose information which constitutes attorney work product. Subject to said objection and without waiving same, Plaintiff lists following terms violated by Defendants:**

1. **Failure to provide accurate statements;**
2. **Failure to provide online access to tender the funds;**
3. **Failure to apply funds;**
4. **Seeking to collect erroneous amounts in excess of what was allowed by the Consent Order;**

6

    5.  **Failing to update Plaintiff's account to reflect the Consent Order.**

**Plaintiff reserves the right to supplement and/or amend this response.**

    14.    Please describe why you did not pay $15,794.24 to Citizens within ten days of entry of the Consent Order, as required by the terms of the Consent Order.

<u>**RESPONE:**</u> **Plaintiff objects to this request to the extent that it purports to allege Plaintiff's violation of the Consent Order. Plaintiffs response to this interrogatory is not an admission to the violation of Consent Order. Subject to said objection, and without waiving same, Plaintiff responds as follows: Plaintiff did not make the payment within the time frame provided by the Consent Order because Defendants provided an inaccurate statement of the amount due, creating confusion and mistrust. Moreover, Defendants failed provide the online access for the Plaintiff to make the payment as required by the Consent Order.**

    15.    If you provided anything other than an unqualified admission to any of the Defendants' Requests for Admission, please describe, in detail for each request, why you provided denied the request or gave a qualified admission.

<u>**RESPONE:**</u> *See* **Plaintiff's Response to Request for Admission.**

<u>**REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

    1.    Please produce all documents identified in response to Defendants' First Continuing Interrogatories to Defendant.

<u>**RESPONSE:**</u> **Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks to invade, or purport to compel Plaintiff to disclose information which constitutes attorney work product. Plaintiff also objects as some or all of these documents are equally or more available to Defendants. Without waiving, responding party states that all responsive, unprivileged, known, and**

**reasonably available documents has been produced by Plaintiffs and/or Defendants are already in possession of all the documents relevant to this request. Plaintiff reserves the right to supplement and/or amend this response.**

2. Please produce all documents that evidence any damages that you are claiming in this adversary proceeding.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks to invade, or purport to compel Plaintiff to disclose information which constitutes attorney work product. Without waiving, responding party states that all responsive, unprivileged, known, and reasonably available documents has been produced by Plaintiffs and/or Defendants are already in possession of all the documents relevant to this request. Plaintiff reserves the right to supplement and/or amend this response.**

3. Please produce all documents that you may introduce as evidence in any hearing or trial in this adversary proceeding.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks to invade, or purport to compel Plaintiff to disclose information which constitutes attorney work product. Without waiving, responding party states that all responsive, unprivileged, known, and reasonably available documents has been produced by Plaintiffs and/or Defendants are already in possession of all the documents relevant to this request. Plaintiff reserves the right to supplement and/or amend this response.**

4.     Please produce all documents within your possession or control evidencing any communications with Citizens or LoanCare concerning the Consent Order or the issues raised in the adversary proceeding.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further objects to this request to the extent that it seeks to invade, or purport to compel Plaintiff to disclose information which constitutes attorney work product. Without waiving, responding party states that all responsive, unprivileged, known, and reasonably available documents has been produced by Plaintiffs and/or Defendants are already in possession of all the documents relevant to this request. However, Plaintiff is gathering the documents in his possession.  Plaintiff reserves the right to supplement and/or amend this response.**

Dated: February 17, 2021

                                          Respectfully submitted,
                                          JEFF FIELD & ASSOCIATES

                                          /s/ Christopher J. Sleeper
                                          _____
                                          CHRISTOPHER J. SLEEPER
                                          Attorney for Plaintiff
                                          State Bar No. 700884

342 North Clarendon Avenue
Scottdale, GA 30079
404-499-2700
contactus@fieldlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 17th day of February 2021, served the within and foregoing pleading by placing a true and correct copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

BRET J. CHANESS
Rubin Lublin, LLC
Suite 100
3145 Avalon Ridge Place
Peachtree Corners, GA 30071-1570

A. Christian Wilson
Simpson, Uchitel & Wilson, LLP
P. O. Box 550105
Atlanta, GA 30355-2505

Dated: February 17, 2021

                                          Respectfully submitted,
                                          JEFF FIELD & ASSOCIATES

                                          /s/ Christopher J. Sleeper
                                          _____
                                          CHRISTOPHER J. SLEEPER
                                          Attorney for Plaintiff
                                          State Bar No. 700884

342 North Clarendon Avenue
Scottdale, GA 30079
404-499-2700
contactus@fieldlawoffice.com