IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>ANTHONY CARVER MCCLARN,<br><br>  Debtor. | Case No. 14-75160-sms<br>Chapter 13 |
| ANTHONY CARVER MCCLARN,<br><br>  Plaintiff,<br><br>v.<br><br>CITIZENS TRUST BANK and LOANCARE, LLC,<br><br>  Defendants. | Adversary No. 20-06070-sms |

### DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

COME NOW, Citizens Trust Bank ("Citizens"), LoanCare, LLC ("LoanCare") (collectively, the "Defendants"), and file this Statement of Material Facts in Support of their Motion for Summary Judgment, pursuant to LBR 7056-1(a)(1), respectfully showing this Honorable Court as follows:

1. On May 31, 2007, Plaintiff Anthony Carver McClarn ("Plaintiff" or "Debtor") executed a promissory note and security deed in the amount of $178,450.00 at a fixed interest rate of 6.5% in favor of Citizens. *See* [Doc. 1] at ¶ 4 (Complaint); [Doc. 5] at ¶ 4 (Citizen's Answer); [Doc. 12] at ¶ 4 (LoanCare's Answer).

2. Citizen remains the holder of the promissory note and security deed, and LoanCare is the servicer on behalf of Citizens. [Doc. 1] at ¶ 5; [Doc. 5] at ¶ 5; [Doc. 12] at ¶ 5.

1

3. The Plaintiff filed the underlying Chapter 13 case on December 30, 2014 (the "Bankruptcy Case"). [Doc. 1] at ¶ 8; [Doc. 5] at ¶ 8; *see also* [Bk. Doc. 1].[1]

4. Citizens filed a Proof of Claim in the Bankruptcy Case on April 23, 2015. *See* [Claim No. 1]. The Proof of Claim indicated that the Debtor owed $34,546.01 in pre-petition arrears. *Id.*

5. On March 24, 2015, this Court, in the Bankruptcy Case, confirmed the Debtor's First Amended Chapter 13 Plan, which proposed to cure the arrearage on the subject mortgage and make ongoing monthly payments. *See* [Bk. Doc. 21] at pp. 4-5 (First Amended Chapter 13 Plan); [Bk. Doc. 28] (Order Confirming Plan).

6. The Bankruptcy Case was initially closed on January 17, 2019, without entry of a discharge. *See* [Bk. Doc. 69].

7. On February 26, 2019, the Chapter 13 Trustee moved to reopen the Bankruptcy Case because "[d]ue to a clerical error, the Trustee did not file a Notice of Final Cure Payment pursuant to Fed. R. Bankr. P. 3002.1(f) in reference to the claim of Citizens Trust Bank/LoanCare, LLC." [Bk. Doc. 71] at ¶ 5. This motion was granted on February 28, 2019. [Bk. Doc. 72].

8. On March 1, 2019, the Chapter 13 Trustee filed a Notice of Final Cure in the Bankruptcy Case, stating that the Trustee had paid the full amount of the pre-petition arrears -- $34,546.01. [Bk. Doc. 73].

9. On March 22, 2019, Citizens filed a Response to Notice of Final Cure Payment, agreeing that the pre-petition arrears had been cured, but asserting that there was a post-petition

---

[1] References to [Bk. Doc ___] are to docket entries in the underlying bankruptcy case. References to [Doc. ___] are to docket entries in this adversary proceeding.

default in the amount of $6,779.50. *See* [Claim No. 1 filings]; *see also* [Doc. 1] at ¶ 11; [Doc. 5] at ¶ 11; [Doc. 12] at ¶ 11.

10. On April 23, 2019, the Debtor filed a motion in the Bankruptcy Case titled "Motion to Deem Mortgage Current". [Bk. Doc. 76].

11. On June 7, 2019, Citizens filed a response to the Motion to Deem Mortgage Current, asserting that the loan was *not* current. [Bk. Doc. 78].

12. On January 30, 2020, this Court entered a Consent Order on the Motion to Deem Mortgage Current (the "Consent Order"). [Bk. Doc. 85]. The Consent Order stated:

> THE PARTIES AGREE:
> That the post-petition arrearage through January 1, 2020 is $19,899.80. Once Debtor tenders certified funds to Respondent in the amount of $15,794.24 and Respondent applies the excess escrow balance of $4,105.56, Debtor will be current through January 1, 2020 and due for the February 1, 2020 payment. The parties further agree:
> That Debtor has paid in full the amount required to satisfy Respondent's pre-petition arrearage claim. The parties further agree
> That Respondent has not and will not assess Debtor's loan any additional interest due to Debtor tendering mortgage payments later than their respective due dates, or in other words, interest charged on the account will be the same as if all payments had been tendered timely. The partiers further agree;
> Debtor will be allowed online access to his mortgage account once the case has closed. Accordingly, it is hereby
> **ORDERED** that Debtor shall tender certified funds in the amount of $15,794.24 to Respondent within ten (10) days of entry of this Order; it is
> **FURTHER ORDERED** that Respondent shall apply the excess escrow balance of $4,105.56 to Debtor's principal and interest payments; it is
> **FURTHER ORDERED** that Respondent shall allow Debtor online access to his account within seven calendar days following the closing of this case and through and until the loan is satisfied or transferred.
> This matter resolves all outstanding issues in the case. The Clerk may close this bankruptcy case.

*Id.*

13. The Debtor did not tender certified funds required to be paid by the Consent Order (the "Certified Funds") to LoanCare, as servicer for Citizens, until February 20, 2020, and

3

they were delivered to LoanCare on February 24, 2020. *See* [Doc. 1] at ¶ 18; [Doc. 24] at p. 2; Deposition of Anthony McClarn ("McClarn Depo.") at 29:7-24, 30:1-12. A true and correct copy of the McClarn Depo. (excluding exhibits) is attached hereto as **Exhibit "A"**.

14. The Certified Funds have been applied to the subject loan, and on May 5, 2020, LoanCare applied the excess escrow balance of $4,105.56, which then brought the loan due and owing for February 1, 2020. *See* Defendants' Responses to Plaintiff's Interrogatories at p. 5 (Interrogatory No. 12) ("Defendants' Interrogatory Responses"); Affidavit of LoanCare, attached hereto as **Exhibit "B"**; *see also* [Doc. 24] at p. 3, ¶ 5. A true and correct copy of the Defendants' Interrogatory Responses are attached hereto as **Exhibit "C"**.

15. In this action for contempt, the Plaintiff contends that the Defendants violated the terms of the Consent Order as follows:

> 1. Failure to provide accurate statements;
> 2. Failure to provide online access to tender the funds;
> 3. Failure to apply funds;
> 4. Seeking to collect erroneous amounts in excess of what was allowed by the Consent Order;
> 5. Failing to update Plaintiff's account to reflect the Consent Order.

[Doc. 25] at pp. 6-7.

16. The Consent Order did not permit the Certified Funds to be tendered via the internet. *See* [Bk. Doc. 85] (allowing certified funds only); McClarn Depo. at 33:11-14 (". . . I can't pay it online, that was never my defense.").

17. The Plaintiff is seeking the following damages in this action:

- Interest incurred from 2019 to present due to not being able to modify or refinance the loan due to having dispute inaccurate accounting and other issues that prevented the bankruptcy from closing: $14,161.96 (30 months of 6.50% vs. 2.7%)
- Lost promotion opportunity ($20,000 annual): $21,667
- Medical costs: $63,832.26
- Pain and suffering, anxiety, sleep and memory problems: $50,000.00

4

- Punitive damages
- Attorney fees/costs: $4,850 ($200/hourly)

[Doc. 38] at pp. 3-4.

18. With respect to a refinance or modification, the Plaintiff last applied for a refinance loan in November 2019, and a modification prior to filing the Bankruptcy Case (which was filed on December 30, 2014). McClarn Depo. at 41:7-11, 42:20-22.

19. With respect to an alleged lost promotion opportunity, the Plaintiff testified that he never applied for a promotion and that "[i]t was a promotion that somebody was going to get, and I was a senior person there, and it went to somebody that – well, I'll just put it like this, it went to someone else." McClarn Depo. at 43:18-24, 44:1.

20. The Plaintiff does not remember when the promotion opportunity arose (other than being sometime in 2020). McClarn Depo. at 44:2-9.

21. The Plaintiff has no evidence that he would have received the promotion but for the alleged actions of the Defendants and his assertion is based only on his personal beliefs McClarn Depo. at 44:10-16.

22. With respect to the Plaintiff's claim to recover medical costs, the Plaintiff has failed to produce any evidence to show that he incurred the claimed costs, or any costs whatsoever. McClarn Depo. at 55:7-9.

23. The Plaintiff admitted that insurance and/or Medicare paid for nearly all his claimed medical costs, except for "somewhere in the neighborhood of eight thousand dollars." McClarn Depo. at 56:24, 57:1-9.

24. The Plaintiff claims that the Defendants are responsible for paying his medical bills because his cancer "was worsened by the stress that I was under." McClarn Depo. at 55:13-19.

25. The Plaintiff has never been told by any medical professional that there is a causal link between his cancer and the actions of the Defendants. McClarn Depo. at 58:11-14.

26. With respect to "pain and suffering, anxiety, sleep and memory problems," the Plaintiff has no idea why he claimed $50,000.00 in damages. McClarn Depo. at 59:12-20.

27. With respect to memory problems, the Plaintiff has been having memory problems since at least September 2018. McClarn Depo. at 61:15-24, 62:1-2.

28. The Plaintiff has never been told by any medical professional that his claimed memory problems are the result of any actions of the Defendants. McClarn Depo. at 59:21-24, 60:1-4.

29. With respect to sleep problems, the Plaintiff has been having sleep issues since at least September 2018. McClarn Depo. at 64:20-24, 65:1-4.

30. In April 2020, the Plaintiff reported having no daytime drowsiness despite any sleeping issues he was having at night. McClarn Depo. at 70:2-10.

31. With respect to stress, the Plaintiff testified that he has been under stress since at least 2018, and perhaps 2017. McClarn Depo. at 71:16-24, 72:1-10.

32. The Plaintiff was prescribed Prozac in 2005 for anxiousness. McClarn Depo. at 72:17-24, 73:1-5.

33. The Plaintiff was prescribed citalopram for stress in May 2019. McClarn Depo. at 75:3-5. The Plaintiff discontinued the use of citalopram on his own accord in October 2019. *Id.* at 73:8-11.

34. With respect to the Plaintiff's stress levels in February through March or April 2020, the Plaintiff testified that his stress levels were higher during that time than before February 2020, but he has no way to measure how might higher. McClarn Depo. at 85:3-14.

35. The Plaintiff testified that his stress levels were reduced when this adversary proceeding was commenced. McClarn Depo. at 85:24-86:1-8.

36. The Plaintiff testified that the COVID-19 pandemic added stress to his life. McClarn Depo. 88:18-24, 89:1-24, 90:1-24, 91:1-8.

37. The Plaintiff initially testified that his stress was affecting him between February and April 2020 such that he was missing out on his child's extracurricular activities and impacting his plans to open two businesses. McClarn Depo. at 86:17-24, 87:1-24, 88:1-11.

38. The Plaintiff later clarified that his son's extracurricular activities were actually cancelled during the referenced timeframe due to COVID-19 and that his stress was instead impacting his ability to enjoy binge watching television shows with his son. McClarn Depo. at 92:17-24, 93:1-24.

39. The business plans that the Plaintiff claims were impacted had been in the works for several years and this alleged issue is not related to stress, but to his inability to get a business loan. McClarn Depo. at 88:5-17.

40. With respect to the Plaintiff's claimed attorney's fees, he has never produced any evidence to support his claim of fees, such as a fee agreement, cancelled checks for payment, or invoices.

Respectfully submitted, this 17th day of August, 2022.

                                                */s/ Bret J. Chaness*
                                                BRET J. CHANESS (GA Bar No. 720572)
                                                **RUBIN LUBLIN, LLC**
                                                3140 Avalon Ridge Place, Suite 100
                                                Peachtree Corners, GA 30071
                                                (678) 281-2730 (Telephone)
                                                (404) 921-9016 (Facsimile)
                                                bchaness@rlselaw.com

                                                *Attorney for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 17th day of August, 2022, I caused a copy of the within and foregoing to be served via U.S. First Class mail on the following:

Elizabeth Williams Winfield
Simmons, Finney & Winfield, LLC
741 W. Lanier Avenue, Suite 220
Fayetteville, GA 30214

                                            */s/ Bret J. Chaness*
                                            BRET J. CHANESS (GA Bar No. 720572)