## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> ANTHONY CARVER MCCLARN, <br><br> Debtor. | CHAPTER 13 <br><br> CASE NO. 14-75160-sms |
| ANTHONY CARVER MCCLARN, <br><br> Plaintiff, <br> v. <br><br> CITIZENS TRUST BANK and LOANCARE LLC, <br><br> Defendants. | ADVERSARY PROCEEDING <br><br> NO. 20-06070-sms |

### MOTION TO DEEM MOTION FOR PARTIAL SUMMARY JUDGMENT AS TIMELY FILED

COMES NOW Anthony Carver McClarn ("Plaintiff" or "McClarn") and files this *Motion to Deem Motion for Partial Summary Judgment as Timely Filed* ("Motion"). In support of the Motion, McClarn shows the Court as follows:

1. McClarn filed a complaint against Citizens Trust Bank ("Citizens") and LoanCare LLC ("Loancare" and together with Citizens, the "Defendants") on April 27, 2020 (the "Complaint") (Doc. No. 1).

2. Citizens filed its Answer to Plaintiff's Complaint on May 28, 2020. Loancare filed its Answer to Plaintiff's Complaint on August 31, 2020.

3. On December 21, 2020, McClarn and Defendants jointly filed their Report of Rule 26(f) Conference (Doc. No. 20). On January 29, 2021, the Court entered the Scheduling Order (Doc. No. 22), which provides the following deadlines:

1

    a) Deadline to file motion to join additional parties and to file motions to amend the pleadings: March 18, 2021.

    b) Deadline for conclusion of discovery: March 18, 2021.

    c) Deadline to file dispositive motions, including motions for summary judgment: 30 days after the close of discovery.

    d) Deadline for the parties to file a consolidated pretrial order: 30 days after ruling on dispositive motions.

4. Defendants moved, with McClarn's consent, to extend the deadline to complete discovery seven times. Subsequently, discovery expired in this case on July 18, 2022, pursuant to the *Consent Order Granting Motion to Extend Discovery* (Doc. No. 63). Therefore, the deadline to file dispositive motions in this case was August 17, 2022.

5. On June 19, 2021, McClarn's former counsel, Jeffrey Field, filed a motion to withdraw as McClarn's counsel of record (Doc. No. 40). The Court entered an Order permitting such withdrawal on July 12, 2021 (Doc. No. 46).

6. Elizabeth Williams Winfield began to represent Plaintiff no later than November 19, 2021. *See* Doc. No. 54.

7. On August 17, 2022, on the deadline to file a dispositive motion, Defendants filed *Defendants' Motion for Summary Judgment* (Doc. No. 65) ("Defendants' MSJ") and *Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment* (Doc. No. 67) ("Defendants' Brief").

8. The undersigned began to represent McClarn on or about September 12, 2022, on which day McClarn obtained Defendants' consent to file a *Consent Motion to Extend Deadline for Filing Response to Motion for Summary Judgment* (Doc. No. 68). This Order extended the

deadline for McClarn to respond to Defendants' MSJ through and including September 22, 2022. The Court entered an Order granting such extension on September 14, 2022 (Doc. No. 69).

9. On September 15, 2022, McClarn's former counsel, Elizabeth Winfield, filed a motion to withdraw as McClarn's counsel of record (Doc. No. 70).

10. McClarn requested and Defendants consented to a second extension of time for McClarn to respond to Defendants' MSJ through and including September 29, 2022 (Doc. No. 72). The Court entered an Order granting such extension on September 21, 2022 (Doc. No. 73).

11. On September 27, 2022, the undersigned filed a *Notice of Substitution of Counsel* (Doc. No. 75) to reflect that the undersigned is now McClarn's counsel in lieu of Ms. Winfield.

12. On September 29, 2022, McClarn timely filed *Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment* (Doc. No. 78) (the "MSJ Response").

13. Also on September 29, 2022, McClarn filed *Plaintiff's Cross Motion for Partial Summary Judgment* (Doc. No. 76) (the "Cross MSJ") and *Plaintiff's Brief in Opposition to Summary Judgment and in Support of Plaintiff's Cross Motion for Partial Summary Judgment* (Doc. No. 77) ("Plaintiff's Brief").

14. Defendant's counsel has asserted that the Cross MSJ is untimely under the parties' Rule 26(f) report as filed.

15. This Motion follows to clarify the Court's consideration of the Cross MSJ.

<u>Relief Requested</u>

16. McClarn requests that the Court allow the filing of the Cross MSJ to be treated as timely based on precedent by both the Eleventh Circuit and within this District that an untimely motions for summary judgment should be considered when doing so would be in the interest of judicial economy.

3

<u>Basis for Relief</u>

17. Bankruptcy courts in this District have previously addressed the standard in whether to consider a motion for summary judgment deemed untimely under the Court's local rules or the Rule 26(f) report in two cases: *Foxhall Investors LLC v. Camp*, 2016 Bankr. LEXIS 2172 (Bankr. N.D. Ga. May 17, 2016) (Drake, J.) and *Gordon v. Merritt (In re Kreig)*, 2018 Bankr. LEXIS 2773 (Bankr. N.D. Ga. Sept. 12, 2018) (Baisier, J.).

18. In *Foxhall Investors LLC v. Camp*, 2016 Bankr. LEXIS 2172 (Bankr. N.D. Ga. May 17, 2016), Judge Drake considered an untimely motion for summary judgment. The Court stated:

> [T]rial courts have broad discretion to consider untimely motions for summary judgment. *See Wood v. Atlantic Univ. Bd. of Trustees*, 432 F. App'x 812, 815 (11th Cir 2011) (per curiam); *Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 F. App'x 586, 595 (11th Cir. 2008) (per curiam). The Eleventh Circuit has concluded that a court "may consider an otherwise untimely motion if, among other reasons, doing so 'would be the court of action most consistent with the interest of judicial economy.'" *Thomas v. Kroger, Co.*, 24 F.3d 147, 149 (11th Cir 1989). Accordingly, the determinative factor in deciding whether to allow an untimely motion for summary judgment is whether deciding the motion could be more efficient that simply proceeding to trial. *See Wood*, 432 F. App'x at 816 (concluding that trial court did not abuse discretion where it reasonably concluded that motion for summary judgment would promote judicial economy); *Enwonwu*, 286 F. App. at 595 (concluding that trial court properly denied motion for summary judgment because adjudication of the claim was more efficient).

*Foxhall Investors*, 2016 Bankr. LEXIS 2172 at *5-6. Because the Court concluded that the trial could be lengthy and the Debtor's motion could avoid the expense of time and energy by resolving the proceeding without a trial, the Court allowed an untimely motion for summary judgment. *Id.* at *6.

Likewise, the Court in *Gordon v. Merritt (In re Kreig)*, 2018 Bankr. LEXIS 2773 (Bankr. N.D. Ga. Sept. 12, 2018) (Baisier, J.), addressed the merits of a motion for summary judgment that was filed after the deadline for so doing. The Court did so despite Defendants' assertion that

the motion for summary judgment not be considered because it was filed untimely. *Id.* at *11. *Gordon* cited the same Eleventh Circuit precedent quoted above and *Foxhall Investors*. *Id.* The Court concluded:

> Under this Court's broad discretion to consider untimely motions for summary judgment, the Court has determined that it will consider the Motion for Partial Summary Judgment. Although such motion was untimely under the Rule 26(f) Report, it was filed only nine (9) days after the April 30, 2018 deadline, and thus did not result in substantial prejudice to Defendant. The Court also finds that considering the substance of the Motion for Partial Summary Judgment, rather than denying it outright for untimeliness, promotes judicial economy.

*Gordon v. Merritt (In re Krieg)*, 2018 Bankr. LEXIS 2773, at *11-12 (Bankr. N.D. Ga. Sep. 12, 2018).

As with those two cases, the purposes of judicial economy would be served by considering the Cross MSJ. The Court will need to consider Defendants' MSJ and Plaintiff's response thereto. It would be in the interest of judicial economy for the Court to also consider Plaintiff's Cross MSJ at the same time.[1]

Additionally, Plaintiff filed the Cross MSJ after obtaining a new attorney. Plaintiff filed his Cross MSJ forty-three days after the deadline imposed the Rule 26(f) report. There is no prejudice to Defendants for the Court to consider both motions at the same time. *See Gordon*, 2018 Bankr. LEXIS 2773 at *11 (The motion for summary judgment "was filed only nine (9) days after the April 30, 2018 deadline, and thus did not result in substantial prejudice to Defendant.").

This case was filed in 2020. One defendant did not an answer until six months after the complaint was filed. Seven discovery extension have been sought and granted. The undersigned

---

[1] At minimum, even if the Court does not resolve the Case, it may "assist the parties in narrowing and focusing the issues at trial and might also assist them in reaching an amicable settlement." *Gordon*, 2018 Bankr. LEXIS 2773 at *12.

entered a notice of appearance recently. No trial has been set in this matter. A pretrial order has not been entered. In fact, no pretrial order will be due until the Court rules on Defendants' MSJ. In this procedural posture, there is no prejudice to Defendants in having to address the Cross MSJ on the merits.

The alternative to considering Plaintiff's Cross MSJ would be a trial (presuming the Court does not grant Defendants' MSJ). Consideration of the Cross MSJ would certainly advance the interest of judicial economy over trial in this situation where the facts do not appear to be substantially disputed.

WHEREFORE, Plaintiff prays that this Court: (a) consider Plaintiff's Cross MSJ as if timely filed and (b) grant such other and further relief as is deemed just and proper.

Respectfully submitted this 7th day of October, 2022.

        **JONES & WALDEN LLC**

        */s/ Leon S. Jones*
        Leon S. Jones
        Georgia Bar No. 003980
        Attorney for Plaintiff
        699 Piedmont Ave., NE
        Atlanta, Georgia 30308
        (404) 564-9300
        ljones@joneswalden.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>ANTHONY CARVER MCCLARN,<br><br>  Debtor. | CHAPTER 13<br><br>CASE NO. 14-75160-sms |
| ANTHONY CARVER MCCLARN,<br><br>  Plaintiff,<br>v.<br><br>CITIZENS TRUST BANK and LOANCARE LLC,<br><br>  Defendants. | ADVERSARY PROCEEDING<br><br>NO. 20-06070-sms |

**CERTIFICATE OF SERVICE**

This is to certify that on this day the foregoing *Motion to Allow Motion for Partial Summary Judgment as Timely Filed* (the "Motion") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Motion to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Bret J. Chaness**   bchaness@rubinlublin.com, BJC-ECF-Notifications@rubinlublin.com
- **A. Christian Wilson**   cwilson@simplawatlanta.com, sscheu@simplawatlanta.com

This 7th day of October, 2022.

JONES & WALDEN LLC

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
Attorney for Plaintiff
699 Piedmont Ave., NE
Atlanta, Georgia 30308
(404) 564-9300
ljones@joneswalden.com