IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>ANTHONY CARVER MCCLARN,<br><br>Debtor. | Case No. 14-75160-sms<br>Chapter 13 |
| ANTHONY CARVER MCCLARN,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS TRUST BANK and LOANCARE, LLC,<br><br>Defendants. | Adversary No. 20-06070-sms |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

COME NOW, Citizens Trust Bank ("Citizens"), LoanCare, LLC ("LoanCare") (collectively, the "Defendants"), and file this Response to the Plaintiff's Statement of Material Facts in Support of his Cross-Motion for Summary Judgment [Doc. 76] at pp. 27-34, respectfully showing this Honorable Court as follows:

1. This fact is not material.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

1

8. Admitted.

9. The asserted fact regarding the re-opening of the Chapter 13 case creating an obstacle to making payments is not material and is not supported by the record. The referenced paragraph in the affidavit provides only conclusory statements that the Plaintiff's payments were rejected and that the reopening of the bankruptcy case created an obstacle to making payments. "One who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (citations omitted). The Defendants admit that McClarn owned a post-petition arrearage.

10. Admitted.

11. Denied. The Consent Order ordered only the following:

> **ORDERED** that Debtor shall tender certified funds in the amount of $15,794.24 to Respondent within ten (10) days of entry of this Order; it is
> **FURTHER ORDERED** that Respondent shall apply the excess escrow balance of $4,105.56 to Debtor's principal and interest payments; it is
> **FURTHER ORDERED** that Respondent shall allow Debtor online access to his account within seven calendar days following the closing of this case and through and until the loan is satisfied or transferred.

[Bk. Doc. 85].

12. In response to paragraph 12, the Defendants assert that it is not material on what date the Plaintiff tendered funds to his attorney or on what date the check was issued. The Defendants deny the statements in paragraph 12 that the Plaintiff "timely obtained the Check" and that he "timely obtained and presented good funds to his attorney . . . ." This is a legal conclusion, which are not proper in a statement of material facts. *See* LBR 7056-1(a)(1). In any event, the Consent Order required that the funds be tendered to "Respondent within ten (10) days of entry of [the] Order." *See* [Bk. Doc. 85].

2

13. The Defendants object to the statements in Paragraph 13 regarding what Jeff Fields told the Plaintiff as inadmissible hearsay. *See* Fed. R. Evid. 801, 802. The Defendants further object to paragraph 13 as violating LBR 7056-1(a)(1), which requires that all facts be numbered separately. Paragraph 13 attempts to combine at least three separate "facts" into one numbered paragraph. The Defendants admit that the Plaintiff did not have online account access in February 2020.

14. The facts set forth in paragraph 14 are denied. Citizens does not accept payments for any loans in its branches nor does it have a website where any borrower can see loan information. *See* Affidavit of Citizens Trust Bank, attached hereto as **Exhibit "A"**.

15. The Defendants object to the statements in Paragraph 15 regarding what Jeff Fields told the Plaintiff as inadmissible hearsay. *See* Fed. R. Evid. 801, 802. The remaining facts are admitted.

16. This fact is denied. Citizens does not accept payments for any loans in its branches. *See* Exhibit "A" hereto.

17. The Defendants object to the alleged facts set forth in Paragraph 17 because they rely upon an email that was not previously disclosed by the Plaintiff. *See* Fed. R. Civ. P. 37(c)(1). The Defendants dispute the alleged fact asserted in Paragraph 17 as not being supported by the record. The Plaintiff asserts that the email was in regard to "rejected payments," but the email attached to the Plaintiff's Affidavit as Exhibit C does not make any reference to payments. *See* [Doc. 78] at pp. 18-19.

18. The Defendants dispute the alleged fact(s) set forth in Paragraph 18. The Plaintiff has previously admitted that he has not made any payments on the subject loan since the payment that was delivered on February 24, 2020, because "[d]ue to this matter pending with a

3

disagreement over amount of funds due and proper resolution of the complaint, Plaintiff has been putting aside funds to bring the loan current pending resolution of the matter." [Doc. 24] at p. 2, ¶ 1; [Doc. 37] at p. 7, ¶ 15.

19. This fact is denied. Citizens does not accept payments for any loans in its branches. *See* Exhibit "A" hereto.

20. This fact is not material.

21. This fact is not material.

22. The asserted fact is not material, as the Plaintiff has not based his contempt claim on any alleged failure to be provided with online access to his account. *See* [Doc. 66] at p. 4, ¶¶ 15-16. Notwithstanding, the fact is denied. Mr. McClarn has had online access to his account since May 2020. *See* Affidavit of LoanCare, attached hereto as **Exhibit "B"**.

23. Defendants admit that interest has continued to accrue but deny that the Plaintiff has been unable to make any payments. Rather, he has chosen not to make payments. *See* [Doc. 24] at p. 2, ¶ 1; [Doc. 37] at p. 7, ¶ 15.

24. Admitted. However, the asserted fact is not material.

25. Admitted. However, the asserted fact is not material.

26. The asserted facts are not material.

27. The asserted facts are not material.

28. The asserted facts are not material.

29. The asserted facts are not material.

30. The asserted facts are not material.

31. The asserted facts are not material.

32. The asserted facts are not material.

33. The asserted facts are not material. Additionally, the alleged statements of Credit Union Financial Service are inadmissible hearsay. *See* Fed. R. Evid. 801, 802.

34. The asserted facts are not material and are denied. The Plaintiff testified that the last time he applied for a refinance loan was in November 2019. *See* [Doc. 66-1] at p. 13, 41:7-11, 42:1-5.

35. The asserted facts are disputed and not supported by any evidence in the record.

Respectfully submitted, this 28th day of October, 2022.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3140 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rlselaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2022, I filed the within and foregoing via CM/ECF, which will serve electronic notice on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)