IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>ANTHONY CARVER MCCLARN,<br><br>    Debtor. | Case No. 14-75160-sms<br>Chapter 13 |
| ANTHONY CARVER MCCLARN,<br><br>    Plaintiff,<br><br>v.<br><br>CITIZENS TRUST BANK and LOANCARE, LLC,<br><br>    Defendants. | Adversary No. 20-06070-sms |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION FOR RECONSIDERATION

COME NOW, Citizens Trust Bank ("Citizens"), LoanCare, LLC ("LoanCare") (collectively, the "Defendants"), and file this Reply to the Plaintiff's Response [Doc. 101] to the Defendants' Motion for Reconsideration of the Court's Order on Cross-Motions for Summary Judgment [Docs. 94, 95, 96][1], respectfully showing this Honorable Court as follows:

### INTRODUCTION

After filing a narrowly tailored Motion for Reconsideration of this Court's Summary Judgment Order, the Plaintiff responded with a litany of arguments that went far beyond those raised in the Motion for Reconsideration. The Defendants' Motion for Reconsideration contains

---

[1] The Motion for Reconsideration was inadvertently filed twice. Although the docket text for Docket Entry 96 indicates it is an amended motion, it is identical to the motion and brief filed at Docket Entries 94 and 95.

1

three arguments: 1) the Summary Judgment Order indicates the Court utilized the incorrect standard of review;[2] 2) the Court did not address the Defendants' arguments regarding lack of damages; and 3) the Summary Judgment Order indicates that the Court did not analyze the contempt claim under the correct standard.

In response, the Plaintiff decided to devote three pages to the "relevant facts" that are largely disputed, and moreover, irrelevant with respect to the pending motion. He even accuses the Defendants of "intentional" violations of the Consent Order despite there being no evidence of any intentional conduct. *See* [Doc. 101] at p. 7. He then complained that the Defendants were only trying to relitigate issues on the Motion for Reconsideration despite that being entirely untrue. This is also largely projection, since the only one trying to relitigate is the Plaintiff, as he spent five pages arguing about the damages that he thinks are available to him despite that being completely outside the scope of the Motion for Reconsideration.

Once the irrelevant arguments are sorted through, however, the Plaintiff makes two damning acknowledgments in his response – that "the Consent Order did not contain an exact date by which the Defendants were to apply funds" and that "[i]t is unresolved whether a short delay in Defendants' efforts to apply payments would have constituted a violation of the Consent Order." [Doc. 101] at pp. 12-13. These two points, when considered in light of the *Taggart* standard – preclude the finding of contempt with respect to the application of funds. Thus, the Motion for Reconsideration should be granted.

---

[2] The Plaintiff did not respond to this argument.

2

## ARGUMENT AND CITATION OF AUTHORITY

A.     **THE DEFENDANTS HAVE MET THE STANDARD FOR RECONSIDERATION**

In his first argument after their introduction, the Plaintiff contends that the Defendants have not met the standard for reconsideration because "[e]ach argument made in Defendants' Reconsideration Motion has already been raised" and "vetted initially in *Defendant's Motion for Summary Judgment and Defendant's Response to Plaintiff's Cross-Motion for Summary Judgment*." [Doc. 101] at p. 8.

This is simply not true. The Defendants' Motion for Reconsideration contains three arguments: 1) the Summary Judgment Order indicates the Court utilized the incorrect standard of review;[3] 2) the Court did not address the Defendants' arguments regarding lack of damages; and 3) the Summary Judgment Order indicates that the Court did not analyze the contempt claim under the correct standard. It is nonsensical to claim that these arguments are trying to relitigate matters already presented to the Court, as the Defendants are not fortune tellers and clearly did not, and could not, argue – before the Summary Judgment Order was entered – that the Court did not use the right standards or failed to analyze certain arguments. Each argument presented by the Defendants in the Motion for Reconsideration is supported by citation to case law showing how the alleged errors constitute grounds for reconsideration. This Court should disregard the Plaintiff's argument and proceed to analyze the Motion for Reconsideration on the merits.

B.     **THE PLAINTIFF ADMITTED IN HIS RESPONSE THAT THE FINDING OF CONTEMPT WAS INCORRECT**

Next, the Plaintiff responded to the Defendants' argument that this Court failed to utilize the *Taggart* standard in its analysis of whether the Defendants are in contempt for violating the terms of the Consent Order. *See* [Doc. 101] at pp. 10-14. Specifically, the Defendants argued that

---

[3] The Plaintiff did not respond to this argument.

3

the Summary Judgment Order does not give any indication that this Court utilized the contempt standard from *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), as it is neither cited nor discussed anywhere in the Order. *See* [Doc. 95] at pp. 11-16.

Although *Taggart* is completely missing from the Summary Judgment Order, the Plaintiff makes the curious argument that "*Taggart* is not case law that has not been considered" and because it was cited in the Defendants' Motion for Summary Judgment, it was "therefore considered but not cited by this Court in the Consent Order." [Doc. 101] at p. 10. The Plaintiff presumably means the Summary Judgment Order and not the Consent Order, and this is an odd argument because it is impossible for the Plaintiff to presume to know what this Court did or did not do in this situation. *See, e.g., United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021) ("And the order provides no indication of what, if anything, the district court considered in its determination. The district court did not mention or reference the § 3553(a) factors or any other facts or circumstances that it considered, nor did it address Stevens's specific arguments in his motion, including those related to post-offense and post-incarceration rehabilitation.").

Before going further, the Defendants want to clarify what they are and are not arguing here. The Plaintiff's first sub-section argues that the Court was correct in finding the Defendants in contempt for failing to grant him online account access. *See* [Doc. 101] at p. 12. However, the Defendants never argued for reconsideration of this finding based on *Taggart* (although the Defendants contend the Plaintiff has not shown damages based on this and it is the subject of that argument section). Instead, the Defendants' *Taggart* argument is focused solely on this Court's finding that they could be in contempt for failing to apply the subject funds until May 4, 2020. *See* [Doc. 95] at p. 12 ("Lastly, the Defendants are seeking reconsideration of this Court's

4

finding that they are in contempt for failing to timely apply the excess escrow balance and February 24, 2020, payment to the Plaintiff's account.").

With respect to the sole issue raised regarding *Taggart*, the Defendants argued that a proper application of *Taggart* precludes a finding of contempt because the Consent Order contained no explicit deadline to apply the subject funds. *Taggart* requires that a party receive "explicit notice of what conduct is outlawed' before being held in civil contempt." 139 S. Ct. at 1801. Even before *Taggart* was decided, Courts faced with contempt motions failed to hold parties in contempt when the orders at issue contained no explicit deadline for compliance. *See Halmos v. Ins. Co. of N. Am.*, No. 08-10084-CIV-BROWN, 2010 WL 11447256, at *1 (S.D. Fla. March 2, 2010) (denying motion for contempt because "[t]he lack of a specific deadline, for compliance alone, would probably result in a reversal of an order of contempt."); *In re Trigee Foundation, Inc.*, No. 12-00624, 2017 WL 2126875, at *2 (Bankr. D.D.C. May 16, 2017) (citation omitted) (declining to issue contempt citation when order had "lack of a specific deadline for compliance" and noting in footnote that court could not find any other case "in which a court issued a judgment of civil contempt as a method of coercing compliance with an order directing the payment of fees when the order directing payment lacked a date certain for compliance."). The Defendants argued that

> [s]ince the Consent Order contained no deadline for application of the funds, it is impossible to know at what point the Defendants would have been considered in contempt for failing to apply the payments. Was it after two days, one week, three weeks, one month, two months, or so on? The Consent Order does not say, and *Taggart* makes clear that it cannot be an arbitrary decision by this Court.

[Doc. 95] at p. 15.

In response, the Plaintiffs prove this point, admitting that "the Consent Order did not contain an exact date by which the Defendants were to apply funds" and that "[i]t is unresolved

5

whether a short delay in Defendants' efforts to apply payments would have constituted a violation of the Consent Order." [Doc. 101] at pp. 12-13. Thus, if there was no deadline and it is impossible to know at what point a party could be held in contempt, they do not have "explicit notice of what conduct is outlawed' before being held in civil contempt." *Taggart*, 139 S. Ct. at 1801. A correct application of *Taggart* therefore precludes a finding of contempt with respect to the application of funds and this Court should reconsider its findings in the Summary Judgment Order.

The Plaintiff then proceeded to raise more arguments that prove that *Taggart* was misapplied here, stating that

> Defendants committed a breach of the Order by failing to bring Mr. McClarn's account current as required by the Consent Order. Defendants claim that they complied with the Order by bringing Mr. McClarn's account current through February 2020 nearly four months later, *i.e.,* four months after February 2020. **That reading of the provision would render the intention of the entire Consent Order meaningless.**

[Doc. 95] at p. 13 (emphasis added); *see also id*. at pp. 12-13 (discussing *intent* of the Consent Order).

As was argued in the Defendants' Motion for Summary Judgment, the *intent* of the Consent Order is meaningless and only the express terms matter with respect to contempt. *See* [Doc. 67] at p. 10. "Even if 'the defendants have violated the spirit of the . . . order, but unless the actual terms of the order are violated, an adjudication of contempt would be improper." *Ethicon, Inc. v. Randall*, No. 2:20-CV-13524-BRM-JBC, 2021 WL 4099752, at *3 (D.N.J. Sept. 9, 2021) (quoting *Nutrisystems.com, Inc. v. Easthaven, Ltd.*, Civ. A. No. 00-4835, 2001 WL 484068, at *2 (E.D. Pa. Mar. 30, 2001)) (also collecting cases). Since the Plaintiff admits that there was no deadline for application of funds and it is "unresolved" as to when the Defendants

6

could have been held in contempt, it is irrelevant what the intent of the Consent Order was, and it was an error to hold the Defendants in contempt.

C. **THIS COURT SHOULD PROVIDE THE PARTIES WITH A DECISION ON THE DEFENDANTS' ARGUMENTS REGARDING THE PLAINTIFFS' CLAIMED DAMAGES**

Lastly, the Plaintiff responded to the Defendants' arguments that

> this Court failed to address several material facts (and arguments) regarding the Plaintiff's claims of damages. Of the 40 paragraphs in the Defendants' Statement of Material Facts, numbers 17-40 related solely to damages. *See* [Doc. 66] at pp. 4-8. These facts were then utilized to support arguments concerning the Plaintiff's alleged damages and how, even if the Defendants were in contempt, the Plaintiff has failed to show that he has any recoverable damages.

[Doc. 95] at p. 10.

Somehow, this short, three paragraph argument section that simply asked this Court to consider the arguments in the first instance elicited a five-page response from the Plaintiff. These pages are filled with regurgitations of the same damages arguments raised in the Plaintiff's Cross-Motion for Summary Judgment and barely addresses the actual argument raised by the Defendants in the Motion for Reconsideration. *Compare* [Doc. 101] at pp. 16-18 *with* [Doc. 77] at pp. 18-21. The Plaintiff even made-up arguments that he says the Defendants made, but never did. For example, he says that "[t]he Court should reject the assertion in the Reconsideration Motion that Mr. McClarn failed to sufficiently dispute or deny Defendants' factual statements regarding the issue of damages." [Doc. 101] at p. 15. This is found nowhere in the Motion for Reconsideration.

Where the Plaintiff actually did respond to the Defendants' arguments, he misses the mark. His argument begins by saying that reconsideration should be denied because the Defendants moved for summary judgment by arguing that summary judgment should be granted to them "because the Plaintiff does not have any recoverable damages instead of saying that the

7

"Defendants seek summary judgment with regard to the following categories of damages asserted by Plaintiff . . . ." [Doc. 101] at p. 14. This is a distinction without a difference, especially since the Defendants' Motion for Summary Judgment addressed every single category of damages claimed by the Plaintiff. Not surprisingly, the Plaintiff did not cite any authority in support of this semantic nonsense.

With respect to the Plaintiff's multitude of arguments concerning what damages he believes are available to him, the Defendants will say only that this has been fully briefed on summary judgment and does not need to be addressed here and should not have been raised by the Plaintiff in his response (especially after making so much noise about not being able to relitigate issues here). While it was briefed by the parties on summary judgment, the issue raised in the Motion for Reconsideration is that the Court did not provide any decision to the parties, and the Defendants are simply asking that it be considered in the first place. This failure to consider the facts and arguments is manifest injustice that is grounds for reconsideration. *See Bentivegna v. People's United Bank*, No. 2:14-CV-599 (ADS)(GRB), 2017 WL 4277149, at *2 (E.D.N.Y. Sept. 25, 2017).

## **CONCLUSION**

Based on the foregoing, the Defendants respectfully request that this Court grant its Motion to Reconsider.

Respectfully submitted, this 8th day of May, 2023.

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3140 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rlselaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2023, I filed the within and foregoing via CM/ECF, which will serve electronic notice on all parties.

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)

9