**IT IS ORDERED as set forth below:**

**Date: May 23, 2023**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | CASE NUMBER: |
| **ANTHONY CARVER MCCLARN ,** | **14-75160-SMS** |
| Debtor, | Chapter 13 |
| _____ | |
| **ANTHNY CARVER MCCLARN,** | ADVERSARY PROCEEDING NO: |
| Plaintiff, | **20-06070-SMS** |
| v. | |
| **CITIZENS TRUST BANK &** | |
| **LOANCARE, LLC,** | |
| Defendants. | |
| _____ | |

## ORDER AUTHORIZING MEDIATION

The parties to the above-captioned adversary proceeding have expressed a desire to
participate in a mediation of the issues in this proceeding.  The Court believes and the parties

agree that the most productive form of mediation would be to designate a current bankruptcy judge with no assignment or responsibility for this bankruptcy case as a settlement judge to serve as a neutral mediator; and it appearing that Bankruptcy Judge Paul W. Bonapfel of this Court is qualified and suitable to serve as a mediator of this dispute; and for good cause shown, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.      The Parties are authorized to mediate the issues raised in this conested matter. Bankruptcy Judge Paul W. Bonapfel is hereby designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings between the parties as the neutral mediator. Such mediation shall be conducted at a time and place and in accordance with procedures mutually agreed upon by the parties and Judge Bonapfel.

2.      Because Judge Bonapfel will be serving as the neutral mediator in this matter and because the nature of the mediation process requires ex parte contacts and communications between the neutral mediator and each side, the prohibitions of Fed. R. Bankr. P. 9003 do not apply to communications among the parties, their attorneys, and Judge Bonapfel in connection with the mediation proceedings. The parties and their attorneys may, therefore, have ex parte communications with Judge Bonapfel in his capacity as the neutral mediator in connection with the mediation proceedings.

3.      All communications made by the parties to each other or to Judge Bonapfel in connection with the mediation process, and any documents prepared or produced in connection therewith, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation). The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the Georgia

Rules of Evidence, or any rules of evidence of any other jurisdiction.  No record will be made of the mediation proceedings. Judge Bonapfel is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto.

The Clerk's Office is directed to serve a copy of this Order on the parties in the attached distribution list.

**[END OF DOCUMENT]**

## <u>Distribution List</u>

Anthony Carver McClarn
4038 Boulder Vista Drive
Conley, GA 30288

Leon Jones
Jones & Walden LLC
699 Piedmont Ave NE
Atlanta, GA 30308

Bret J. Chaness
Rubin Lublin, LLC
Suite 100
3145 Avalon Ridge Place
Peachtree Corners, GA 30071-1570

A. Christian Wilson
Simpson, Uchitel & Wilson, LLP
P. O. Box 550105
Atlanta, GA 30355-2505